In the
United States Court of Appeals
For the Seventh Circuit

No. 98-3394

Berwick Grain Company, Inc.,
and David McCrery, Jr.,

Plaintiffs-Appellants,

v.

Illinois Department of Agriculture,
Rebecca Doyle, Thomas E. Jennings, et al.,

Defendants-Appellees.


No. 99-3880

Berwick Grain Company, Inc.,
and David McCrery, Jr.,

Plaintiffs-Appellants,

v.

Illinois Department of Agriculture,
Rebecca Doyle, Thomas E. Jennings, et al.,

Defendants-Appellees.


Appeal of:  John H. Bisbee.


Appeals from the United States District Court
for the Central District of Illinois.
No. 91-C-4105--Michael M. Mihm, Judge.


Submitted May 5, 2000--Decided June 27, 2000


  Before Posner, Chief Judge, and Flaum and
Evans, Circuit Judges.

  Per Curiam.  For a third time we are
compelled to take up matters arising from
a 1991 civil rights lawsuit that Berwick
Grain Company, Inc. and its president
brought against several employees of the
Illinois Department of Agriculture. In
1997, we affirmed the grant of summary
judgment for the defendants, Berwick
Grain Co., Inc. v. Illinois Dep't. of
Agric., 116 F.3d 231 (7th Cir. 1997), and

last year we affirmed the district court's denial of a motion by plaintiffs to reopen the action, Berwick Grain Co., Inc. v. Illinois Dep't. of Agric., 189 F.3d 556 (7th Cir. 1999) ("Berwick II"). Before us now are lingering sanctions issues precipitated by the plaintiffs' failed attempt to revive their suit. We affirm the district court's award of sanctions against plaintiffs' counsel and impose further sanctions of our own.

The pending matters are holdovers from Berwick II. Underlying that appeal was the plaintiffs' long-delayed motion, premised on Federal Rule of Civil Procedure 60(b), to set aside summary judgment and revive a case then approaching seven years old. The defendants deemed the Rule 60(b) motion frivolous and, when it was denied, asked the district court to impose sanctions under Federal Rule of Civil Procedure 11. That motion was heard by the district court after the plaintiffs already had filed an appeal from the denial of Rule 60(b) relief, and so even though the judge announced in open court his intention to sanction plaintiffs' counsel, John H. Bisbee, the court acceded to Mr. Bisbee's request that a formal ruling be withheld until after we decided Berwick II. Our mandate in that appeal, case no. 98-3394, issued on September 20, 1999, and nine days later the district court entered its written Rule 11 order sanctioning Mr. Bisbee with a $5,550 penalty. Mr. Bisbee has appealed, and we have docketed this latest appeal as case no. 99-3880. Meanwhile, before our mandate issued in Berwick II, the defendants moved for sanctions under Federal Rule of Appellate Procedure 38, and we elected to carry that motion along with Mr. Bisbee's appeal of the Rule 11 sanctions. The Rule 11 appeal is now before us, and having briefed it the defendants also seek Rule 38 sanctions in this newest case.

We start with the order sanctioning Mr. Bisbee under Rule 11. The district court, relying on Rule 11(b)(2) and (c), ordered Mr. Bisbee personally to pay the Attorney General of Illinois, who represents the defendants, $5,550, an amount the court found to be the reasonable value of defense counsel's time devoted to the district court litigation spawned by the plaintiffs' Rule 60(b) motion. In this appeal Mr. Bisbee takes no issue with either the amount of the penalty or the

decision to levy it against him personally. He instead insists that he engaged in no sanctionable conduct. Rule 11, though, plainly authorizes a district court to sanction a lawyer who without reasonable inquiry tenders a submission that includes legal contentions not warranted "by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2), (c); see Retired Chicago Police Ass'n v. Firemen's Annuity and Benefit Fund, 145 F.3d 929, 934 (7th Cir. 1998); Anderson v. County of Montgomery, 111 F.3d 494, 501 (7th Cir. 1997). Frivolous or legally unreasonable arguments, then, may incur penalty, Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc., 202 F.3d 965, 968-69 (7th Cir. 2000); Fries v. Helsper, 146 F.3d 452, 458 (7th Cir.), cert. denied, 525 U.S. 930 (1998), and for Rule 11 purposes a frivolous argument is simply one that is "baseless or made without a reasonable and competent inquiry," Independent Lift Truck Builders Union, 202 F.3d at 969 (quotation marks and citation omitted). Here the district court labeled as frivolous the Rule 60(b) motion that Mr. Bisbee filed on behalf of the plaintiffs, and even were we not constrained to defer to the court's assessment, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Kennedy v. National Juvenile Detention Ass'n, 187 F.3d 690, 696 (7th Cir. 1999), cert. denied, 120 S.Ct. 1169 (2000), its sanctions order simply makes explicit what is readily apparent from our Berwick II opinion.

  Nothing in Mr. Bisbee's brief persuades us differently. In exercising its discretion under Rule 11, the district court focused on its earlier conclusion--one we have already affirmed--that the plaintiffs' Rule 60(b) motion was beyond the court's power to grant because Mr. Bisbee filed it too late. Mr. Bisbee insists he harbored an "objectively reasonable" belief that the clock was still running when he filed the motion, but we settled this question in Berwick II. All along the plaintiffs have insisted that our 1997 opinion in their first appeal disturbed the adverse summary judgment and triggered a new one-year period under Rule 60(b)(1), but we explicitly noted in Berwick II that Mr.

Bisbee had not identified any authority suggesting that our outright affirmance of the summary judgment did anything of the sort. Berwick II, 189 F.3d at 560. Mr. Bisbee offers by way of excuse that he looked for support but found none. He found none because "reasonable and competent inquiry," see Independent Lift Truck Builders Union, 202 F.3d at 969, would have led him to conclude there was none. The very point of Rule 11 is to lend incentive for litigants "to stop, think and investigate more carefully before serving and filing papers," see Cooter & Gell, 496 U.S. at 398 (quotation marks and citation omitted), but when his quest proved futile Mr. Bisbee, disregarding the rule, filed anyway. Having done so, he has no basis to complain about the district court's decision to sanction him.

We now turn to the question of Rule 38 sanctions. When an appeal rehashes positions that the district court properly rejected, A-Abart Elec. Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406-07 (7th Cir. 1992), or when it presents arguments that are lacking in substance and "foreordained" to lose, Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir. 1989) (en banc), the appeal is frivolous. Pursuing a frivolous appeal invites sanctions, including "just damages," see Fed. R. App. P. 38; Jansen v. Aaron Process Equip. Co., 207 F.3d 1001, 1005 (7th Cir. 2000); Mars Steel Corp., 880 F.2d at 938, which we may impose in our considered discretion, in re Generes, 69 F.3d 821, 828 (7th Cir. 1995); Colosi v. Electri-Flex Co., 965 F.2d 500, 504 (7th Cir. 1992). How we exercise that discretion may turn on our perception of whether an appellant acted in bad faith. See, e.g., Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir. 1995); Depoister v. Mary M. Holloway Foundation, 36 F.3d 582, 588 (7th Cir. 1994). However, we have defined our power to sanction by an objective test. See LINC Finance Corp. v. Onwuteaka, 129 F.3d 917, 924 (7th Cir. 1997); Mars Steel Corp., 880 F.2d at 938 (stating that the Rule 38 standard "depends on the work product: neither the lawyer's state of mind nor the preparation behind the appeal matter").

We conclude that sanctions are

appropriate in these cases. Before Mr. Bisbee filed either appeal, it should have been obvious to him that both are frivolous. Berwick II is patently so. As we intimated last August when we addressed the merits, the plaintiffs could not possibly have believed in good faith that we would overturn the rejection of a Rule 60(b) motion which, even apart from its lateness, did nothing to rectify the evidentiary failings that obliged us to affirm the grant of summary judgment in the first place. See Berwick II, 189 F.3d at 560-61. Pressing to reinstate a lawsuit that cannot be sustained if revived epitomizes bad faith, and pursuing the same frivolous matter on appeal after its rejection with the promise that Rule 11 sanctions will follow leads to precisely the "shameful waste of judicial manpower" that we have sanctioned in the past and will again here. See Rennie v. Dalton, 3 F.3d 1100, 1111 (7th Cir. 1993) (quotation marks and citations omitted).

Likewise, Mr. Bisbee's Rule 11 appeal typifies "the kind of obstinacy that Rule 38 does not countenance." Listle v. Milwaukee County, 138 F.3d 1155, 1160 (7th Cir. 1998). We have come this far only because--in his words--Mr. Bisbee "cannot affect a false air of contrition" and accept the district court's finding that his stated belief in the timeliness of the Rule 60(b) motion was objectively unreasonable. We owe substantial deference to district courts in Rule 11 matters, and when sanctions are challenged without any "reasonable prospect of meeting the difficult standard of abuse of discretion," see Cooter & Gell, 496 U.S. at 408, the appeal is necessarily frivolous. Moreover, Mr. Bisbee concedes that we may affirm a sanctions award on any basis supported by the record. Finance Inv. Co. (Bermuda) v. Geberit AG, 165 F.3d 526, 530 (7th Cir. 1998). Thus, this Rule 11 appeal is particularly frivolous because whether or not Mr. Bisbee thought the plaintiffs' Rule 60(b) motion was timely he could not have reasonably believed that it was filed in good faith given its complete lack of substantive merit. Again, we said as much in Berwick II, 189 F.3d at 560-61, and since a frivolous appeal challenging sanctions "is the capstone of litigation that is hollow in every particular," Greening v. Moran, 953

F.2d 301, 307 (7th Cir. 1992), a Rule 38 award is appropriate.

Still, we refuse the defendants' invitation to add another $13,000 to what the district court already has ordered. Proponents of sanctions shoulder an obligation to mitigate the harm from frivolous appeals, see Colosi, 965 F.2d at 504-05; Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir. 1992), and so we are puzzled by appellate counsel's bill for the 75 hours he spent defending a Rule 60(b) judgment and Rule 11 sanctions award that his predecessor won in district court expending only 47 hours (a figure the district judge believed excessive and reduced to 36 hours). Particularly as to the Rule 11 appeal, where we might naturally be inclined toward assessing damages because of Rule 38's role in encouraging recipients of Rule 11 sanctions to defend their awards against frivolous but expensive appeals, see in re Generes, 69 F.3d at 828; Kale v. Obuchowski, 985 F.2d 360, 362 (7th Cir. 1993); Greening, 953 F.2d at 306-07, we question the reasonableness of the defendants' demand for attorney's fees incurred in preparing a brief and Rule 38 motion that took three months to reach us yet in the main are lifted from like submissions in Berwick II.

Compounding the costs associated with frivolous appeals risks loss or reduction of Rule 38 sanctions, see Kale, 985 F.2d at 364; Brooks, 874 F.2d at 490. However, because we do not wish to reward these frivolous appeals, we will pare rather than eliminate the defendants' damages. We therefore grant the motions for Rule 38 sanctions but in lieu of attorney's fees order Mr. Bisbee to pay a $1,000 sanction in each appeal. See Listle, 138 F.3d at 1160; Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir. 1993). Like the district court, we assess these sanctions against Mr. Bisbee, not the plaintiffs who were misled about the futility of Berwick II and, of course, have no stake in the Rule 11 appeal. See Rennie, 3 F.3d at 1111; Hartz v. Friedman, 919 F.2d 469, 475 (7th Cir. 1990); Mestayer v. Wisconsin Physicians Serv. Ins. Corp., 905 F.2d 1077, 1080-81 (7th Cir. 1990). And lest the plaintiffs or Mr. Bisbee misconstrue our exercise of restraint, we hasten to add that this litigation is

over.

In appeal no. 99-3880 the judgment of the district court imposing Rule 11 sanctions against attorney John H. Bisbee is AFFIRMED. In each appeal the defendants' motion for Rule 38 sanctions is GRANTED in part. Within 14 days Mr. Bisbee shall remit to the Attorney General of Illinois $2,000 in total damages, consisting of $1,000 in appeal no. 98-3394 and $1,000 in appeal no. 99-3880. Damages are awarded against Mr. Bisbee personally and shall not be reimbursed by the plaintiffs. In both appeals all other pending motions are

DENIED.