In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2247

In re:  Beverly B. Mann,

Petitioner.


Application for Writ of Mandamus to the United States
District Court for the Northern District of Illinois, Eastern
Division.
No. 84 C 11020--Wayne R. Andersen, Judge.


Submitted September 8, 2000--Decided October 13, 2000


  Before Kanne, Diane P. Wood, and Evans, Circuit
Judges.

  Diane P. Wood, Circuit Judge.  Beverly Mann is
persistent if nothing else. Sixteen years ago,
the City of Chicago terminated Mann's employment
as an Assistant Corporation Counsel. Since then,
she has been on a quest to prove that the City
wronged her. Mann, for the most part representing
herself pro se, has fought the good fight,
succeeding on some claims and losing on others.
But this long and bitter dispute should have
ended after this Court on July 14, 1999, affirmed
the district court's grant of summary judgment in
favor of the City on Mann's final claims, and the
Supreme Court denied her petition for a writ of
certiorari on February 22, 2000.

  Unfortunately, Mann has refused to accept her
defeat. So now she is back in court, filing
motion after motion in which she rehashes every
issue resolved against her. The list of papers
she has recently filed pro se with this Court
includes the following: (1) a Petition for Writ
of Mandamus, (2) a Motion for Judicial Recusal,
(3) a Motion To Correct Docket Entry, (4) a
Supplement to Petition for Writ of Mandamus and
to Motion for Judicial Recusal, (5) a motion
entitled Clarification of Portion of Supplement
to Petition for Writ of Mandamus and to Motion
for Judicial Recusal, (6) a Second Supplement to
Petition for Writ of Mandamus and Motion for
Judicial Recusal, (7) a Notice of Filing of
Motion in District Court, (8) a Motion for Ruling
on Motion for Judicial Recusal and on Petition
for Writ of Mandamus, (9) a Corrected Motion for
Ruling on Motion for Judicial Recusal and on

Petition for Writ of Mandamus, (10) a Supplement to Petition for Writ of Mandamus and to Motion for Judicial Recusal, and (11) another Supplement to Motion for Judicial Recusal.

In one way or another, everything on this lengthy list of motions is directed toward the actions of U.S. District Judge Andersen. According to Mann, Judge Andersen is obliged to recuse himself from considering any of her "new" motions because she had previously filed a "non-frivolous" judicial misconduct complaint against him/1 and because he is biased against her. Underneath this sound and fury is a motion Mann filed on April 17, 2000, under Fed. R. Civ. P. 60(b), in which she sought to vacate an order entered by District Judge Moran (to whom Mann's case had been assigned originally) on July 14, 1986--some 14 years ago. In that motion, Mann contended that Judge Moran's order dismissing Count III of her complaint, in which she had alleged an equal protection violation, could not stand in light of the Supreme Court's recent holding in Village of Willowbrook v. Olech, 120 S. Ct. 1073 (2000), that an equal protection claim could be stated by a class of one. At some point in the ensuing years, the case had been reassigned to Judge Andersen. During a status hearing, Judge Andersen expressed skepticism about the likelihood that a Rule 60(b) motion filed fourteen years after entry of an order would be granted, but he also explained to Mann that he harbored no animosity towards her and would therefore consider the merits of her claim.

Displeased with his comment, Mann then filed this mandamus petition (and the many motions related to it), asking us to order Judge Andersen to recuse himself from ruling on her Rule 60(b) motion. See United States v. Boyd, 208 F.3d 638, 645 (7th Cir. 2000) (denial of a motion to recuse is reviewable only by way of a mandamus petition). This we decline to do. Mann thinks that the minute she filed the misconduct complaint against Judge Andersen, he became obligated to step down from any case involving her, but this is not correct. She has not cited any rule or decision supporting the sweeping idea that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct. Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause.

"Judge shopping" is not a practice that should be encouraged. Proof of bias or partiality (or the appearance of either) might warrant recusal, but Mann offers nothing to indicate that this is a problem other than Judge Andersen's assessment that her Rule 60(b) motion would probably be denied. That comment, standing alone, is not enough to prove an improper motive. See Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996) (trial judge's criticism of a motion not enough to demonstrate bias); Marozsan v. United States, 90 F.3d 1284, 1290 (7th Cir. 1996) (the mere fact that the judge ruled against a litigant on several issues held to be insufficient to show impermissible prejudice). (Though this is unimportant for the issues presently before us, we find Judge Andersen's comment about the likelihood of success for Mann's Rule 60(b) motion eminently reasonable. In fact, the motion is entirely frivolous. Recently, Mann filed yet another motion to vacate, again claiming that a recent Supreme Court decision entitles her to relief. Her target for that motion was an order entered by Judge Andersen on March 13, 1998, granting summary judgment in favor of the City. Although Mann seems to believe that Rule 60 motions may be used to revive obviously dead claims, she should be aware there are strict limitations on the use of that rule and that if she persists in this pattern of behavior her actions will result in the imposition of sanctions by both the district court and this Court. See Berwick Grain Co., Inc. v. Illinois Dep't of Agric., 217 F.3d 502 (7th Cir. 2000).) There is nothing here to suggest the appearance of bias, let alone actual bias, on the part of Judge Andersen, and therefore disqualification is not warranted.

A final note. In the various papers Mann has filed in connection with her mandamus petition, she has made numerous disparaging remarks about the judges of the Seventh Circuit Court of Appeals. Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be tolerated, not even from a pro se litigant. Furthermore, Mann's practice of flooding the court with frivolous motions after a suit has been concluded cannot continue. If Mann persists in unprofessional behavior, we hereby reiterate that sanctions will be imposed. See Support Systems Int'l v. Mack, 45 F.3d 185 (7th Cir. 1995) (per curiam).

The petition for a writ of mandamus is Denied, and all pending motions are Denied as Moot.

/1 After Mann was unable to convince this Court that

Judge Andersen erred in granting the City's motion for summary judgment, she filed a judicial misconduct complaint against him (and several judges of this Court) in December 1999. Mann essentially complained that Judge Andersen "mishandled" the summary judgment motion. On December 22, 1999, the then Chief Judge of this Court, Judge Posner, dismissed the complaint, citing the fact that Mann's claims related directly to the merits of Judge Andersen's decision. See 28 U.S.C. sec. 372(c)(3)(A)(ii) ("After expeditiously reviewing a complaint [concerning the conduct of a judge], the chief judge, by written order stating his reasons, may--(A) dismiss the complaint, if he finds it to be . . . (ii) directly related to the merits of a decision or procedural ruling . . . ."). The Chief Judge also noted that Mann, who had challenged Judge Andersen's ruling on appeal and lost, could not use a judicial misconduct complaint to seek further review of the judge's decision.