**Indira ADUSUMILLI, Plaintiff–Appellant,**

v.

**DISCOVER FINANCIAL SERVICES, INC., Defendant–Appellee.**

**Indira Adusumilli, Plaintiff-Appellant,**

v.

**Swedish Covenant Hospital, Defendant–Appellee.**

Nos. 02–2599, 02–1814.

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 2003.*

Decided April 8, 2003.

Rehearing Denied May 1, 2003.

---

* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the records. *See* Fed. R.App. P. 34(a)(2).

Before** EASTERBROOK, EVANS, Circuit Judges.

## ORDER

Indira Adusumilli filed complaints against two of her previous employers, Discover Financial Services, Inc., and Swedish Covenant Hospital (the "Hospital"), alleging sexual harassment and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. District Judge Robert W. Gettleman granted Discover's motion for summary judgment, and District Judge Blanche M. Manning granted the Hospital's motion to dismiss Adusumilli's complaint for failure to state a claim. We have consolidated Adusumilli's appeals and affirm both judgments. Moreover, because this is not the first time that Adusumilli has raised nearly identical allegations and because she has been informed on numerous occasions that they are en-

---

** The third member of the panel recused herself and did not participate in the consideration or decision of this case, which is being decided by a quorum of the panel. 28 U.S.C. § 46(d).

tirely without merit, we grant Discover's motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure.

Adusumilli's Title VII action against Discover is her second since beginning permanent employment as an administrative assistant in November 1997. Her present complaint, like the earlier one filed in 1998, alleged that co-workers had "inappropriately ogled" her legs and "inappropriately polked [sic]" her fingers while handing her a set of keys. Adusumilli claimed that she notified management about this purported harassment and was fired in May 2000 in retaliation. Discover admitted firing Adusumilli because of her complaint but countered that she had been told repeatedly—most recently by the district court when she lost her 1998 lawsuit against Discover—that "ogling" and accidental touching do not violate Title VII and that Discover's sexual harassment policy prohibits only conduct actionable under Title VII. Discover contended, therefore, that Adusumilli's dismissal was not retaliatory but instead a permissible response to her abusing Discover's sexual harassment policy by repeatedly complaining of conduct *not* in violation of Title VII. Judge Gettleman, after rejecting Adusumilli's harassment claim as untimely, granted summary judgment for Discover on the retaliation claim. The court reasoned that Adusumilli could not establish that she sincerely or reasonably believed that the conduct she complained of actually violated Title VII.

Meanwhile, Adusumilli had gone to work for the Hospital a few months after Discover fired her, and in July 2001—while her case against Discover proceeded in district court—she also filed a Title VII action against the Hospital. Adusumilli complained that her co-workers had "inappropriately touched" her fingers, hands, and hips during normal workplace interac-

tions, had "ogled" her breasts and her "groin area," and had stared at her face. She also alleged that a co-worker once touched her hip with his penis, but she provided no details about this encounter suggesting that the contact was intentional. In addition, Adusumilli alleged that she was denied a transfer and was unjustly punished for attending a funeral over her lunch hour in retaliation for filing an EEOC charge concerning her co-workers' behavior. In granting the Hospital's motion to dismiss for failure to state a claim, Judge Manning noted that Adusumilli was complaining of "conduct remarkably similar to perceived offenses that the courts have repeatedly discounted in her previous lawsuits." The court again reminded Adusumilli that, regardless of her subjective perceptions, the incidents she cited did not rise to the level of sexual harassment. The court concluded that Adusumilli's retaliation claim also failed because she had stated no facts to support her allegation that these actions were taken for retaliatory reasons.

In neither of these appeals does Adusumilli address the reasons for the district court's adverse rulings. In the Discover suit Adusumilli reasserts her claim that she was fired for engaging in protected activity, and against the Hospital she maintains that her co-workers' conduct is properly characterized as actionable harassment. But nowhere does Adusumilli explain how her contentions in these most recent suits are different from the nearly identical claims she unsuccessfully litigated in previous cases. Indeed, Adusumilli devotes the bulk of both briefs to arguing that she has lost all of her lawsuits because of federal judges who are incompetent and unfair. Adusumilli's failure to identify any theory in her appellate brief as to why the district courts' decisions were wrong on the merits is enough for us

to affirm the decision of the district court in both cases. *See Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir.2000) (arguments not raised in appellate brief are abandoned); *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir.1999) (this court is "not in the business of formulating arguments for the parties").

█ But Discover has filed a motion for sanctions against Adusumilli under Rule 38, so we must gauge whether her allegations are so frivolous as to justify sanctions for pursuing them on appeal. *See* Fed. R.App. P. 38; *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir.2002). An appeal is frivolous " 'when the result is obvious or when the appellant's argument is wholly without merit.' " *Id.* (quoting *Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 650 (7th Cir.1986)). To have succeeded on a claim of either retaliation or sexual harassment, Adusumilli would have been required to show–at a minimum–that she held an objectively reasonable belief that the conduct of which she complained violated Title VII. *See Hamner v. St. Vincent Hosp. and Health Care Ctr.*, 224 F.3d 701, 706–07 (7th Cir. 2000) (to succeed on a retaliation claim, plaintiff's belief that she opposed unlawful practice must be sincere and objectively reasonable); *Quantock v. Shared Mktg. Serv., Inc.*, 312 F.3d 899, 903 (7th Cir.2002) (per curiam) (to qualify as "hostile," work environment must be both subjectively and objectively offensive). And in these cases Adusumilli could not reasonably have concluded that the incidents she complained about violated Title VII.

Adusumilli has been told repeatedly and unequivocally both by us and the district court that the kind of conduct ascribed to her former co-workers at Discover and the Hospital—"ogling," staring, and accidental touching—is not severe or pervasive enough to be actionable under Title VII.

*See Adusumilli v. Ill. Inst. of Tech*, No. 97–C–8507, 1998 WL 601822, at *4 (N.D.Ill. Sept. 9, 1998) (unpublished opinion) (granting motion to dismiss Title IX claim of sexual harassment because Adusumilli's allegations that professors and students "ogled" her and touched her hand, shoulder, back, leg, and breast failed to state a claim), *aff'd*, No. 98–3561, 1999 WL 528169 (7th Cir. July 21, 1999) (unpublished opinion); *Adusumilli v. City of Chicago*, No. 95–C–7680, 1997 WL 769457 (N.D.Ill. Dec. 5, 1997) (unpublished opinion) (granting summary judgment for city where Adusumilli's allegations that co-workers "ogled" her, made ambiguous comments, and touched her arm, fingers, and buttocks did not give rise to a Title VII claim), *aff'd*, 164 F.3d 353 (7th Cir. 1998); *Adusumilli v. Discover Fin. Servs., Inc.*, No. 98–C–6129, 1999 WL 286289 (N.D.Ill. April 19, 1999) (unpublished opinion) (granting motion to dismiss Title VII claim of sexual harassment because allegations that Adusumilli's supervisor "ogled" her breasts, legs, and groin and engaged in other "inappropriate behavior" failed to state a claim). Adusumilli admits that she read and understood the rulings in her prior litigation, and she could not reasonably have believed that her similar allegations in these new lawsuits were any closer to coming within the scope of actionable harassment. Only a single incident alleged by Adusumilli in either case—when a co-worker at the Hospital allegedly touched his penis against her—could be deemed serious, and only then if Adusumilli's perception was correct and her co-worker had not simply brushed against her unintentionally. But even if the contact *was* intentional it would not be actionable because, as we have explained to Adusumilli before, employers are not responsible for allegedly harassing conduct that is " 'too tepid or intermittent or equivocal to make a reasonable person believe that she

has been discriminated against on the basis of her sex.'" *Adusumilli v. City of Chicago,* 164 F.3d at 362 (quoting *Galloway v. Gen. Motors Serv. Parts Operations,* 78 F.3d 1164, 1168 (7th Cir.1996)); *see also Koelsch v. Beltone Elecs. Corp.,* 46 F.3d 705, 708 (7th Cir.1995) (no actionable sexual harassment where supervisor intentionally grabbed plaintiff's buttocks); *Saxton v. Am. Tel. and Tel. Co.,* 10 F.3d 526, 534–35 (7th Cir.1993) (environment not objectively hostile where supervisor rubbed his hand along plaintiff's upper thigh and forcibly kissed her).

Although our focus here is on the case against Discover, we note that in both appeals Adusumilli's only explanation for pressing forward after being told yet again that her allegations have no merit is that the federal judges who have considered her cases have consistently misinterpreted Title VII. She reasons that these judges have reached the wrong result because they "lack basic skills necessary to perform the job of a federal judge" and have "united to ruin [her] life." Adusumilli has been warned on two previous occasions that continuing to file or appeal frivolous lawsuits could entitle the prevailing party to attorneys' fees or sanctions. Indeed in her first case against Discover, Judge Gottschall declined to order sanctions only because Discover had not filed an appropriate motion, but she circulated a copy of her warning to Adusumilli that sanctions were warranted to every judge in the district. This time Discover came prepared. Accordingly, we GRANT Discover's motion for sanctions under Rule 38, but in lieu of attorneys' fees we order Adusumilli to pay damages of $1500 for filing a frivolous appeal. *See Berwick Grain Co., Inc. v. Ill. Dept. of Agric.,* 217 F.3d 502, 506 (7th Cir.2000) (per curiam). Within four-

teen days of this order, Adusumilli must tender to counsel for Discover a check payable to Discover for the full amount of the sanction. We warn Adusumilli that if she fails to pay the sanctions by the due date, this court will enter an order directing the clerks of all federal courts in this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of the appellant unless and until she pays in full the sanction that has been imposed against her. *See Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir.1995) (per curiam).

For the foregoing reasons, we AFFIRM both judgments and award Rule 38 sanctions to Discover in the amount of $1500.