# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-2547

_____

Terry Proctor,                               *

                                *

            Appellant,                  *

                                *

       v.                           *    Appeal from the United States

                                *    District Court for the

L. Engstrom; Grandy, Ms.; Charles   *    Eastern District of Arkansas.

McIntosh,                       *

                                *       [UNPUBLISHED]

            Defendants,           *

                                *

Max Mobley,                    *

                                *

            Appellee,             *

                                *

Miller, Nurse; Robert Clark,       *

                                *

           Defendants,           *

                                *

Michael Odum, originally sued as   *

M. Odom,                      *

                                *

           Appellee,             *

                                *

Michael Deloney; L. Mays,        *

                                *

           Defendants,           *

                                *

Michael McGruder, Sgt., (originally  *

sued as McGruder); Acie Smith;    *

Michael Barger, Lt., (originally sued           *
as Bargess),                                     *
                                                 *
            Appellees,                           *
                                                 *
Richard Wimberly; Merlin Fitzpatrick;            *
Reeves, Ms., CO-I; Camp, Ms., CO-I;              *
Larry Norris, Director, ADC; Greg                *
Harmon,                                          *
                                                 *
            Defendants.                          *

_____

Submitted: April 5, 2004

Filed: April 16, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Terry Proctor appeals from the district court's[1] adverse entry of judgment following a bench trial in his 42 U.S.C. § 1983 action in which he alleged that Arkansas Department of Correction (ADC) correctional officers Michael Odum, Michael McGruder, Michael Barger, and Acie Smith used excessive force against him and, along with Max Mobley, denied him adequate medical care, in violation of his constitutional rights.[2] For reversal, Proctor argues the testimony at

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

[2]Proctor also named other ADC employees, but in his appellate brief he does not challenge the propriety of their dismissals. See Harris v. Folk Constr. Co., 138 F.3d 365, 366-67 n.1 (8th Cir. 1998) (by failing to assert grounds for reversal of certain orders in brief, appellant is deemed to have waived issues on appeal).

trial established that defendants used excessive force when they beat him in his cell and at the infirmary, and that defendants had been deliberately indifferent to his serious medical needs. He also contends that his trial counsel was ineffective, and that the district judge was biased against him. We affirm.

Initially, we conclude the district court properly granted Mobley judgment as a matter of law because Proctor did not present evidence of Mobley's personal involvement in the events at issue. See Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001); Hawkins v. City of Farmington, 189 F.3d 695, 700-01 (8th Cir. 1999).

We review the district court's bench-trial factual findings for clear error and the court's conclusions of law de novo. See Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997). The district court credited trial testimony that Sergeant Smith struck Proctor once in a reflex action with a heavy trap-door key after Proctor had refused several orders to withdraw his arm from the trap door in his cell, had grabbed Smith by his shirt through the trap door, and was attempting to pull Smith down and would not let him go; that no further force was used by Smith or the other ADC officers; and that Proctor did not suffer serious resulting injuries. Accordingly, we conclude the district court did not err in finding against Proctor on his excessive-force claim. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (prisoner required to demonstrate that officers used force maliciously and sadistically to cause harm, rather than in good faith effort to maintain or restore discipline); Whitley v. Albers, 475 U.S. 312, 321 (1986) (relevant factors include need for force, relationship between amount of force needed and used, and extent of injuries); Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985) (as factfinder, district court is entitled to make credibility determinations). Similarly, we conclude the court did not err in finding against Proctor on his medical-care claim because the officers took Proctor to the infirmary immediately after the altercation, at which time the nurse examined him and Proctor stated he was not injured, and Proctor cancelled his subsequent medical appointment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("In order to

state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

Finally, Proctor's ineffective-assistance claim is not a basis to overturn the judgment, see Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988), and his claim of judicial bias is unsupported, see 28 U.S.C. § 144 (party seeking recusal must file timely affidavit attesting personal bias or prejudice); cf. Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996) (district judges are presumed impartial and movant bears substantial burden of proving otherwise), cert. denied, 521 U.S. 1126 (1997); In re Mann, 229 F.3d 657, 658 (7th Cir. 2000) (district judge is not disqualified merely because litigant files complaint alleging judicial misconduct; if that were rule, litigants could manipulate system by filing frivolous complaints in hopes of being assigned judge more sympathetic to their cause).

Accordingly, we affirm the judgment of the district court.

_____