**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2006[*]
Decided February 22, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1386

| | |
|---|---|
| INDIRA ADUSUMILLI,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 03 C 7704 |
| PALLIATIVE CARECENTER AND HOSPICE OF THE NORTH SHORE,<br>    *Defendant-Appellee*. | Joan H. Lefkow,<br>*Judge*. |

## O R D E R

Indira Adusumilli filed a complaint against her former employer, Palliative CareCenter and Hospice of the North Shore, alleging that the company discriminated against her based on race, national origin, sex, and age, and that she was discharged in retaliation for pursuing an internal grievance. On December 9, 2004, the district court granted Palliative's motion for summary judgment because Adusumilli failed to present a prima facie case of discrimination or retaliation. The

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

court also granted Palliative's motion for sanctions, stating that Adusumilli's lawsuit was "entirely frivolous and unreasonable" and that Adusumilli had disregarded the court's warnings that pressing forward with frivolous lawsuits could entitle the prevailing party to attorney's fees or sanctions. On January 25 and 26, 2005, Adusumilli filed identical motions for reconsideration asking the district court to reconsider its grant of summary judgment and award of sanctions. Because of their timing, these motions are actually motions to vacate judgment under Fed. R. Civ. P. 60(b). *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). The district court denied these motions on February 2, and Adusumilli filed a notice of appeal on February 14.

Adusumilli did not file her notice of appeal until more than two months after judgment was entered in the district court, so the only question before us is whether the district court abused its discretion in denying her "motions for reconsideration." *See* Fed. R. App. P. 4(a)(1)(A). In those motions, Adusumilli attacks only the merits of the order granting summary judgment in favor of Palliative, but that legal question is not a proper ground for relief under Rule 60(b). *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). We have said repeatedly that a motion under Rule 60(b) is not a substitute for a timely appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Further, Adusumilli has been repeatedly reminded that allegations similar to those raised here do not constitute actionable claims. *See, e.g., Adusumilli v. Discover Fin. Servs., Inc.*, 62 F. App'x 721, 724 (7th Cir. 2003) ("Adusumilli has been told repeatedly and unequivocally both by us and the district court that the kind of conduct ascribed to her former co-workers at Discover and the Hospital–"ogling," staring, and accidental touching–is not severe or pervasive enough to be actionable under Title VII.") (citing cases). Federal Rule of Appellate Procedure 38 authorizes sanctions against an appellant who files a frivolous appeal. Accordingly, we order Adusumilli to show cause within 15 days why she should not be required to pay a $2500 sanction. If she does not respond within that time, or if she refuses to pay any sanction we might assess, a *Mack* order will be entered against her and she will be unable to file any additional papers in any of the federal courts in this circuit until she pays the money owed. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam).

AFFIRMED.