**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 16, 2006[*]
Decided August 17, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1030

| | |
|---|---|
| KEVIN J. LONG, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 C 6101 |
| MICHAEL J. MCDERMOTT, *et al.,* *Defendants-Appellees.* | James B. Zagel, *Judge.* |

No. 05-1772

| | |
|---|---|
| KEVIN J. LONG, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 1182 |
| | Amy J. St. Eve, |

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

MICHAEL J. MCDERMOTT, *et al.*,                    *Judge.*
     *Defendants-Appellees.*

# O R D E R

    Kevin Long filed two lawsuits under 28 U.S.C. § 1983 claiming that Chicago police officer Michael McDermott and others violated his federal civil rights and committed various state-law torts. Both cases were decided against him, and we consolidate his appeals.

    In the first suit, Long sued Officer McDermott and three others for false arrest, false imprisonment, malicious prosecution, and conspiracy. He alleged that one of the defendants called 911 and complained, falsely, that he had exposed himself to another defendant. As a result of that call, Long contended, McDermott arrived on the scene and arrested him without a warrant or probable cause.

    Long's original complaint included in its caption the defendants' social security numbers. The defendants asked that this identifying information be stricken under Fed. R. Civ. P. 12(f), and that Long be prohibited from putting such information in the public record. Judge Zagel granted that motion, as well as McDermott's motion for summary judgment. The court reasoned that Long offered no admissible evidence that McDermott actually arrested him, and that, regardless, there was probable cause for the arrest. The remaining defendants moved to dismiss on the ground that Long had failed to effect service within the time allotted under Fed. R. Civ. P. 4(m). They also moved for sanctions. The defendants contended that Long waited more than 120 days after filing his complaint before presenting the clerk with summonses for signature and seal, and that he asked the clerk to backdate them. According to the defendants, the clerk properly dated and signed the summonses but refused to seal them because Long already had completed the section verifying that service of the summonses had been completed. The district court dismissed the complaint and, after a hearing, held Long in contempt. Judge Zagel found that Long had falsified the return date in the summonses and misrepresented in open court that the defendants had been properly served. Judge Zagel also found that Long had violated his prior order by including a defendant's social security number and birthdate in one of his submissions to the court. The court ordered Long to pay the full amount of the defendants' costs and fees, more than $11,000. Long filed a notice of appeal as to all of Judge Zagel's orders, which we docketed as case no. 05-1030.

    Long's second suit also involved Officer McDermott. At some point after the encounter underlying his case in Judge Zagel's court, Long apparently sent McDermott a letter at his address at the police station. On the envelope Long included a quotation from President George W. Bush, which he also used to begin

most of his filings before Judge Zagel: "The nation is peaceful, but fierce when stirred to anger. This conflict was begun on the timing and terms of others; it will end in a way and hour of our choosing." McDermott perceived the quotation as a possible threat; the matter was referred to the Federal Bureau of Investigation, and Long was charged in state court with assault. McDermott and Long met by chance while leaving the courthouse after proceedings relating to that criminal case; Long allegedly told McDermott, "You're a joke; I'm going to get you." McDermott arrested Long on the basis of that statement, after which Long allegedly told McDermott that "if you testify against me or put me in jail I will kill you." After that Long was indicted on a charge of "aggravated intimidation." At trial, however, the state court granted Long's motion for a judgment of acquittal on both the assault and intimidation charges for lack of evidence.

Long then sued Officer McDermott and four state prosecutors, claiming that his arrest at the courthouse and subsequent trial on the assault and intimidation charges violated his civil rights. Long again included the social security numbers and birth dates of some of the defendants in his complaint. After striking the offending documents, Judge St. Eve ordered Long not to disclose the personal information of any defendant in future filings. The state prosecutors moved for dismissal based on their absolute prosecutorial immunity, which the district court granted. The court also granted summary judgment in favor of McDermott, finding that his involvement was limited to Long's arrest, for which he had probable cause. Long filed a notice of appeal, which we docketed as case no. 05-1772.

We start with case no. 05-1030. Long first argues that it was error to grant summary judgment for Officer McDermott because, Long insists, he offered uncontroverted evidence that McDermott did arrest him. Long points to his memorandum of law in response to McDermott's motion for summary judgment, in which he makes a number of factual assertions contrary to McDermott's statement of uncontested facts. But his argument, even if correct, is irrelevant. Judge Zagel also held that, because there was probable cause to arrest Long, McDermott was entitled to summary judgment even if he was responsible for that arrest. Long has waived any challenge to this alternate ground for the court's decision by failing to raise the issue. *See, e.g., Weinstein v. Schwartz*, 422 F.3d 476, 477 (7th Cir. 2005). In addition, Long argues that Judge Zagel abused his discretion by dismissing the complaint as to all but McDermott for want of proper service. But a dismissal under Rule 4(m) will be upheld unless it was arbitrary or unreasonable, *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998); *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002), and the court's decision was neither, especially considering Long's egregious attempt to backdate the summonses.

Last, with respect to case no. 05-1030, Long contests Judge Zagel's contempt finding. Long chiefly contends that the court never explicitly prohibited him from publishing the personal information, but this is a frivolous argument. The district court granted, without comment, a motion requesting that Long be barred from publicly disclosing personal information in his filings. Judge Zagel need not have elaborated on his reasons for granting that motion in order for it to be an "explicit court order" that could support a finding of contempt. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999). Nor, despite Long's characterization, was the contempt citation a criminal matter; remedial civil citations "are backward-looking and seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience of a court's order." *Id.* And because this was a civil sanction, neither "a jury trial nor proof beyond a reasonable doubt is required." *United Mine Workers v. Bagwell*, 512 U.S. 821, 826 (1994).

That leaves case no. 05-1772, in which Long fails to identify any disputed fact. He points instead to his Local Rule 56.1(b)(3) statement of facts to the district court. But "appellate briefs may not incorporate other documents by reference." *Albrechtsen v. Bd. of Regents*, 309 F.3d 433, 436 (7th Cir. 2002). And in any event the district court ruled that Long's statement failed to comply with Rule 56 and deemed the facts in the defendant's statement admitted. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). While Long is not happy with the district court's ruling, he again fails to offer any argument as to why it was an abuse of discretion—this, too, is waived. *See Weinstein*, 422 F.3d at 477.

Finally, the defendants in case no. 05-1030 ask us to impose a filing ban or some other sanction on Long, citing his failure to pay the money sanctions imposed by the district court and his multiple appeals pending before this court, which they characterize as frivolous. These two cases are certainly frivolous, and Long's refusal to abide by the district courts' orders is unacceptable. Moreover, Long's appellate briefs in these two cases are replete with inflammatory and insulting comments directed at various defendants and their counsel, and are almost entirely bereft of legal argument. *See Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 760 (7th Cir. 2005) (appeals lacking legal merit may be grounds for sanctions); *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000) (warning *pro se* litigant that abusive and disparaging language could result in sanctions); *Berwick Grain Co., Inc. v. Illinois Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000). In light of his persistent contumacy we order Long to show cause within 15 days why he should not be required to pay a $1,000 sanction for filing these frivolous appeals and neglecting the district court's sanctions orders. If he fails to respond, or if he ignores payment of a sanction that this Court orders, we will instruct the clerk's office not to file any papers he might submit until he is compliant with the order. *See Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995) (per curiam).

AFFIRMED.