ALD-136                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1494
_____

IN RE:  OSSIE R. TRADER,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 94-cr-00534-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 10, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: March 22, 2011)
_____

OPINION
_____

PER CURIAM

Ossie Robert Trader has filed a petition for a writ of mandamus and prohibition.

He asks that this Court "disqualify and recuse United States District Judge Michael M.

Baylson and prohibit him from all judicial proceedings in the above criminal number 94-

CR-00534-2[,] because of his judicial bias and impartiality."  Trader argues that recusal

is necessary because he has named Judge Baylson in a civil rights lawsuit.  Trader alleges

that the lawsuit, which charges the judge "as a conspirator, and aider and abetter [sic] to

violations of civil rights, criminal law, and obstruction of justice and civil RICO . . . give fair support to a change of a bent of mind that will impede impariality [sic] of judgement in any proceedings" before the judge.

Mandamus is an "extraordinary remedy" that we award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. In re: Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Trader's lawsuit against the Judge does not provide a basis for his recusal. See United States v. Studley, 783 F.2d 934, 939-40 (9th Cir. 1986); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977). Requiring disqualification every time a litigant files suit against a judge would allow litigants to improperly "judge shop." See In re Mann, 229 F.3d 657, 658-59 (7th Cir. 2000). Trader's vague and unsupported allegations against the judge do not require the judge's disqualification. In re: School Asbestos Litigation, 977 F.2d 764, 778 (3d Cir. 1992) (mandamus relief concerning judge's failure to recuse only warranted where statute "clearly and indisputably" required him to recuse); see also Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal). We further note that the recusal issue appears to be moot, as Trader's criminal proceedings concluded long ago, and we perceive no reason for him to file anything further in his criminal case.

For the foregoing reasons, we will deny the petition for a writ of mandamus.[1]

---

[1] We remind Trader of our admonition in a recent mandamus proceedings: if he continues to file frivolous pleadings or appeals, he will face sanctions. <u>See</u> <u>Chipps v. District Court</u>, 882 F.2d 72, 73 (3d Cir. 1989).