**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 3, 2018
Decided November 1, 2018

**Before**

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1896

|  |  |
|---|---|
| TERRI L. ZAUSA, | Appeal from the United States District |
| *Plaintiff,* | Court for the Northern District of |
|  | Indiana, Hammond Division. |
| *v.* |  |
|  | No. 2:17 CV 352 |
| JACK ZAUSA, |  |
| *Defendant,* | James T. Moody, |
|  | *Judge.* |
| *v.* |  |
|  |  |
| MICHAEL PELLIN, |  |
| *Third-Party Defendant-Appellee.* |  |
|  |  |
| Appeal of MAURICE JAMES SALEM, |  |
| *Attorney for Terri L. Zausa,* |  |

**O R D E R**

Attorney Maurice James Salem believes that if he files a lawsuit in an Illinois federal district court, which dismisses the case for lack of federal subject-matter jurisdiction, he can cure the jurisdictional problem by filing the same case in a federal district court in a different state. Specifically, he posits that in this case, because the named plaintiff and a named defendant are citizens of the same state (Illinois), but an improperly named "third-party respondent" is domiciled in another state (Indiana), there is complete diversity as long as the lawsuit is not in Illinois federal court. This theory is not only confounding, it is frivolous.

Salem filed suit on behalf of his client Terri Zausa, against her former husband Jack Zausa, "to enforce a foreign [Illinois] judgment" against him in federal court.[1] Although she is the plaintiff, she filed a "third party complaint" against Michael Pellin, a debtor of Jack's, from whom Terri seeks payment of Jack's debt. Terri first brought her claims in the Northern District of Illinois. Judge St. Eve dismissed the case for want of subject-matter jurisdiction because the plaintiff (Terri) and a defendant (Jack) are both, admittedly, citizens of Illinois. Salem responded by filing the same lawsuit in the U.S. District Court for the Northern District of Indiana. Judge Moody of that court ultimately sanctioned him under Federal Rule of Civil Procedure 11 because moving the venue of the lawsuit did nothing to alter the citizenship of the parties. Salem appeals the entry of sanctions. Because the district court did not abuse its discretion, we affirm in all respects.

I.      **Background**

Terri Zausa obtained a multi-million-dollar judgment against Jack in Illinois state court before this became a federal case. Jack has not been able to pay. Jack's former business partner, Michael Pellin, allegedly owes him roughly $1.8 million for Jack's share of their business, which Pellin purchased in 1990. In recent years, Pellin has not met the schedule of payments he owes Jack. Although Jack and Pellin executed a release from the purchase agreement in 2004, Terri says that there was no consideration given

---

[1]      There are any number of problems, apart from jurisdiction, with the way Terri has gone about trying to enforce the judgment against Jack, but the underlying enforcement efforts are beyond the scope of this Order.

for the release, which was solely "for tax purpose[s]." And Pellin purportedly continued to make payments to Jack until 2010. Terri now attempts to collect directly from Pellin to satisfy Jack's debt to her.

Terri's first crack at collecting from Pellin began when attorney Salem represented her in filing an enforcement action in the Northern District of Illinois. Judge St. Eve dismissed Terri's claims against Pellin with prejudice for lack of standing because Terri was not a party to Jack and Pellin's agreements. Since Terri, the original creditor, and Jack, the original debtor, were not completely diverse, Judge St. Eve dismissed the case without prejudice for lack of subject-matter jurisdiction.

Salem then brought another lawsuit against Jack on Terri's behalf, this time in the Northern District of Indiana. The complaint also named Pellin as "Third-Party Respondent." Contrary to Judge St. Eve's conclusion, Salem stated that federal jurisdiction existed "by reason of complete diversity of citizenship" because Terri and Jack Zausa are Illinois residents and Pellin is an Indiana resident.

Pellin moved to dismiss the complaint for lack of subject-matter jurisdiction. He pointed to the previous litigation in front of Judge St. Eve and her explanation that complete diversity did not exist because, although Terri was attempting to discover Indiana-citizen Pellin's assets, her ex-husband (an Illinois citizen) was the judgment debtor.

The jurisdictional theory Salem presented to Judge Moody was:

> [I]n **Indiana**, there is complete diversity jurisdiction because neither Defendant Jack Zausa, nor Plaintiff Terri Zausa are domiciled in Indiana. In other words, Pellin, the only citizen of Indiana is the party of interest that does not share the state of Indiana with any other party. Compared to Illinois where Defendant Jack Zausa, another party of interest, shares the state with Plaintiff. However, the issue is not whether there is complete diversity jurisdiction in Illinois, because we are not in Illinois, the issue is whether there is complete diversity jurisdiction in Indiana.

(Emphasis in original). Unpersuaded, Judge Moody granted Pellin's motion to dismiss, citing Terri's (Salem's) attempt to establish federal jurisdiction "with a skewed logic that

is nearly impossible to follow." He also noted that Terri, as plaintiff, could not sue Pellin as a "Third-Party Respondent." Because Judge St. Eve had already explained the substantial defects in Terri's lawsuit, and Salem then maintained the absurd approach to jurisdiction, Judge Moody ordered Salem to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(b)(1) or (2). He also cautioned the plaintiff to refrain from asserting any more baseless jurisdictional theories.

In response to the show-cause order, Salem reiterated his incorrect understanding of diversity jurisdiction. He argued "as long as the parties with interest are not in the same state, then complete diversity jurisdiction exists." Judge Moody concluded that there was no credible explanation for Salem's conduct and granted all parties leave to move for attorney's fees. Salem moved for reconsideration and asserted yet again that diversity jurisdiction existed. This time he attempted to explain in greater detail that moving the case to federal court in Indiana had solved the jurisdictional problem.

After the motion for reconsideration was denied, Pellin petitioned for reimbursement of the attorney fees that he had incurred. Salem opposed the motion by maintaining—for the fourth time—that diversity jurisdiction existed. He also asked Judge Moody to defer the issue of sanctions to the Northern District of Illinois, where he had filed a third lawsuit against Pellin that apparently was moving forward.

Judge Moody rejected Salem's arguments, and in bold-face type declared one final time: "[C]omplete diversity means that **no plaintiff may be from the same state as any defendant.**" The judge ordered Salem to pay all of Pellin's attorney's fees. Judge Moody reasoned that sanctions were proper under either Rule 11(b)(1) or (2). He found that Salem filed the complaint with either "an unreasonable lack of legal basis" or "an intent to harass" Pellin and increase his litigation costs. Judge Moody also declined to defer the issue of sanctions to the Northern District of Illinois because that court would have no jurisdiction to rule on sanctionable conduct occurring in this case. Salem filed a motion for reconsideration, insisting Terri was not really suing "defendant" Jack, so it did not matter that the two of them were domiciled in the same state. Judge Moody denied the motion because it presented nothing new, and he renounced any further efforts "on this frivolous matter."

Salem now appeals the district court's order awarding attorney fees against him and the order denying his second motion for reconsideration.

## II.     Analysis

Salem requests we vacate Judge Moody's orders imposing sanctions and denying reconsideration, as well as the dismissal of the complaint for lack of subject-matter jurisdiction. But Salem did not list the latter order in his notice of appeal and did not timely appeal it, so we have no power to review it. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Thus, we need only determine whether Judge Moody abused his discretion in imposing sanctions and denying the motion for reconsideration. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403 (1990); *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505 (7th Cir. 2016).

Salem contends the district court erred in sanctioning him because he correctly based federal jurisdiction on diversity of citizenship. He says the district court should have considered only Pellin's Indiana citizenship in determining whether diversity existed because Defendant Jack Zausa is a "non-essential party." Alternatively, Salem argues the district court should have realigned the parties to preserve jurisdiction since both Terri and Jack Zausa want "to get money from Pellin."[2] Pellin counters that Salem did not raise either point in the district court, which would mean he waived these arguments. *See Coleman v. Hardy*, 690 F.3d 811, 818–19 (7th Cir. 2012).

Salem's contentions are better viewed as restatements of his consistently confused theory of diversity jurisdiction, rather than "new" arguments. And, waiver aside, Salem's arguments are frivolous and sanctionable, just as Judge Moody concluded. No matter how Salem phrases it, his core assertion is that federal subject-matter jurisdiction over a given case exists or does not depending on the state in which the federal court sits. He habitually misunderstands the tenets of diversity jurisdiction

---

[2]     This ignores Judge St. Eve's point, in dismissing Terri's breach of contract claim, that Terri has no standing to sue Pellin because he is not indebted to her.

and confuses jurisdiction with venue.[3] He was so told, by both Judge St. Eve and Judge Moody, yet in this appeal he persisted with this faulty assertion.

This persistence in asserting frivolous arguments warrants sanctions against an attorney. A district court may sanction a lawyer who submits frivolous legal arguments not warranted "by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2); *see Berwick Grain Co., Inc. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000). A "frivolous" argument is one that is baseless or made without a reasonable inquiry into the facts and law. *Berwick Grain Co., Inc.*, 217 F.3d at 504. A district judge may also sanction a lawyer or party who presents a pleading to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). Consistently asserting a theory—as attorney Salem did here—directly contrary to federal statute (28 U.S.C. § 1332) as interpreted by all federal case law is frivolous.

Salem's other arguments also lack merit. Although Terri and Jack share an interest in tapping Pellin for the money, it does not follow that the court must realign them as parties on the same side to create complete diversity. *See Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 150–51 (7th Cir. 1981). Jack owes Terri money, so they are therefore "in open conflict" with respect to her attempts to collect. *See id.*; *Kruger v. Cartwright*, 996 F.2d 928, 931, 932 n.5 (7th Cir. 1993). Salem's continued obstinance about how the parties' interests relate is either a failure to see or a refusal to accept reality. *See Serritella v. Markum*, 119 F.3d 506, 512–13 (7th Cir. 1997).

Salem also argues that, even if the district court lacked diversity jurisdiction, upholding sanctions against him would chill litigation of novel issues. He hypothesizes this "may be a case of first impression," and raises policy concerns about frustrating creative advocacy and inefficiently sparking satellite litigation over sanctions. This is not a case of first impression. The Supreme Court and every federal circuit and federal district court have repeatedly explained: "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is

---

[3] In his reply brief, he states, "Judge St. Eve directed Appellant to go to the proper *jurisdiction*, which Appellant believed to be *Indiana*." (Emphasis added.)

complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *E.g.*, *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (italics in original). Salem did not encounter a unique set of circumstances, nor has he proposed a novel legal theory; he brought a wrong-headed enforcement action replete with standing and subject-matter jurisdiction defects.

Finally, Salem argues that Judge Moody erred by declining Salem's request to "defer the issue of sanction[s] to the U.S. District Court in Illinois where there is another action commenced against Pellin." Salem does not develop this third point, nor does he cite any on-point legal authority supporting his contention. The argument is underdeveloped and conclusory, s*ee Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012), but in any case, it is also frivolous. The third lawsuit to which Salem refers was filed on behalf of Jack as plaintiff and against Pellin as defendant, to directly collect Pellin's debt to Jack. Accordingly, it seems that the parties are completely diverse, and Jack has standing to collect his own debts. Salem, therefore, is wrong to infer that the possible sustainability of that lawsuit validates the jurisdictional theory behind *Terri's* two previous cases, just because they all relate to the same debts.

Salem also contests the denial of his motion to reconsider the order that he pay Pellin's attorney's fees. As the discussion above demonstrates, the district court was well within its discretion to sanction Salem for repeatedly presenting frivolous jurisdictional arguments. It had even greater discretion not to reconsider that ruling, especially in light of Salem's inability to coherently argue that the court erred. *See Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 204 F.3d 736, 743 (7th Cir. 2000) ("Since the judge was not wrong on the merits, he had nothing to correct.").

Now that this court and two federal district courts have explained to Salem the fundamental flaws in his jurisdictional theories, we presume Salem has been educated on the matter and will not make the same error again.

AFFIRMED