

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Thompson v. Evas Village

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thompson v. Evas Village" (2006). *2006 Decisions.* Paper 1776.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1776

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-76                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4618

_____

STEVEN C. THOMPSON,

Appellant

v.

EVA'S VILLAGE AND SHELTERING PROGRAM, ET ALS; DERRICK
WILLIAMS, INDIVIDUALLY; GREGORY ANDERSON, INDIVIDUALLY;
GLORY PEREZ, INDIVIDUALLY; ANTHONY MCCANTS, INDIVIDUALLY;
BRYANT JENKINS, INDIVIDUALLY; GREATER PATERSON AREA, INC.,
ET ALS; WORLD SERVICE ORGANIZATION, INC., ET ALS
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-02548)
District Judge: Honorable Joel A. Pisano

_____

Submitted for Possible Dismissal for Jurisdictional Defect
and for Consideration Under Rule 21, Fed. R. App. P.
December 16, 2005
Before:    SLOVITER, MCKEE AND FISHER, Circuit Judges.

(Filed January 6, 2006)

_____

OPINION

_____

PER CURIAM

Steven C. Thompson sued Narcotics Anonymous World Services, Inc., Eva's Village and Sheltering Program, and the Greater Paterson Area in New Jersey, among others, claiming that Defendants violated his constitutional rights and unlawfully discriminated against him when they prohibited him from conducting a prayer at Narcotics Anonymous meetings at Eva's Village in Paterson, New Jersey. Although his case continues in the District Court before Judge Pisano and Magistrate Judge Arleo, Thompson has filed an appeal from some of the District Court's orders.

Specifically, Thompson appeals from the District Court's order of September 27, 2005, denying his motion to extend discovery, and the order of September 28, 2005, denying as moot his motion to compel the inspection of documents and responses to interrogatories. He also appeals from the District Court's orders of May 26, 2005, and October 5, 2005. In both orders, the District Court denied Thompson's motions to recuse Judge Pisano and Magistrate Judge Arleo. In its order of May 26, 2005, the District Court also denied Thompson's requests for injunctive relief that would allow him to attend Narcotics Anonymous and Greater Paterson Area meetings, and denied his requests for an overarching "reasonable accommodation" of extended time to conduct discovery and meet deadlines (noting, nonetheless, that it would continue to modify the schedule in accordance with Thompson's medical needs). Thompson also appeals from what he describes as an order of October 3, 2005, and which is actually an unnumbered docket entry on September 27, 2005, noting that the District Court advised Thompson that all communications about his case had to be in writing. We will consider the orders,

2

and our ability to review them, in turn.[1]

Thompson appeals from a discovery order when he appeals the order denying as moot his motion to compel the inspection of documents and responses to interrogatories. Generally, "'discovery orders are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. § 1291.'" Bacher v. Allstate Ins. Co., 211 F.3d 52, 53 (3d Cir. 2000). The order Thompson appeals falls under this general rule; therefore, we cannot presently review it.

Thompson appeals from the District Court's pretrial scheduling orders when he objects to the order denying his motion to extend the discovery period and to the order denying him more time as a "reasonable accommodation" to meet deadlines and to conduct discovery. He also objects to another pretrial order that limits him to written communication with the District Court. Such pretrial orders are interlocutory and not immediately appealable. See In re Glenn W. Turner Enterprises Litig., 521 F.2d 775, 781 (3d Cir. 1975). Therefore, we do not have appellate jurisdiction to review these orders at this time.

Furthermore, we do not presently have jurisdiction to review the District Court's order refusing Thompson's requests to attend Narcotics Anonymous and Greater Paterson Area meetings. To the extent that it is an order refusing injunctive relief, it is not immediately appealable under 28 U.S.C. § 1292(a)(1). "An order incidental to a pending

---

[1]We notified Thompson that his appeal could be dismissed for lack of jurisdiction, but he has not responded.

action that does not grant all or part of the ultimate injunctive relief sought by the claimant, that is unrelated to the substantive issues in the action and that merely continues the case is not appealable under section 1292(a)(1)." Rodgers v. United States Steel Corp., 541 F.2d 365, 373 (3d Cir. 1976). Because the District Court's order was based on the absence of any argument by Thompson as to why he was entitled to injunctive relief, and not on the merits of Thompson's suit, it is not immediately appealable. See id.

Also, Thompson appeals from the District Court's orders denying his motions to recuse pursuant to 28 U.S.C. §§ 144 and 455. We may not review a refusal to recuse under § 144 until after final judgment. See In re Sch. Asbestos Litig., 977 F.2d 764, 774 (3d Cir. 1993). However, to the extent that Thompson's notice of appeal may be construed as a petition for writ of mandamus, we may review the District Court's refusal to recuse pursuant to § 455. See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995).

A writ of mandamus is an extraordinary remedy. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To determine whether the extraordinary writ should issue, we review the District Court's decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 & n.12 (3d Cir. 2004). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, the judge must recuse under § 455(a). See id. at 302.

In the District Court, Thompson argued that the standard requiring recusal was met by the following circumstances: (1) In September 2005, Thompson filed a civil suit against Judge Pisano and Magistrate Judge Arleo; (2) Judge Pisano and Magistrate Judge

4

Arleo have failed to rule, or ruled unfavorably, on Thompson's motions; (3) Judge Pisano has "ridiculed [Thompson] because of his spiritual path"; (4) Judge Pisano had Thompson placed under surveillance by the United States Marshal Service after he sent a letter quoting scripture to another judge; (5) Judge Pisano does not reasonably accommodate Thompson's service-related disability that causes him to adversely react to stress; (6) "the Court" is "acting as an advocate" for Thompson's opposing counsel "because of a conspiracy, discriminatory animus with regards to race"; (7) Judge Pisano and Magistrate Judge Arleo may have taken a bribe from Defendants, because they regularly rule in Defendants' favor; (8) Judge Pisano and Magistrate Judge Arleo have engaged in ex parte communications with Defendants, as evidenced by the issuance of a show cause order; and (9) Judge Pisano presided over another case brought by Thompson. To support his allegations of impartiality, he relied on the District Court docket sheet, and the orders and opinions issued in his District Court case. In his notice of appeal, Thompson focuses on his civil suit against Judge Pisano, Magistrate Judge Arleo, members of their chambers, and others as the reason for recusal.

The District Court did not abuse its discretion in denying Thompson's recusal motions. Thompson's recently-filed suit against Judge Pisano, Magistrate Judge Arleo and others, does not provide a basis for the recusal of Judge Pisano and Magistrate Judge Arleo. See United States v. Studley, 783 F.2d 934, 939-40 (9th Cir. 1986); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977). As the District Court noted, to require disqualification every time a litigant files suit against a judge would allow litigants to

5

improperly "judge shop." See In re Mann, 229 F.3d 657, 658-59 (7th Cir. 2000).

Thompson's other arguments fare no better. A litigant's dissatisfaction with a judge's rulings does not require recusal. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). The District Court did not need to recuse merely because Judge Pisano presided over a prior case involving Thompson. See In re Corrugated Container Antitrust Litig., 614 F.2d 958, 966 (5th Cir. 1980). Nor is recusal required on the basis of "unsupported, irrational, or highly tenuous speculation," In re United States, 666 F.2d 690, 694 (1st Cir. 1981), such as Thompson's unfounded claims that the District Judge and the Magistrate Judge may have taken bribes, or that they harbor prejudices and conspire on the basis of Thompson's race. Similarly, Thompson's claims of comments critical to his religious practices are unsupported by the record, but even critical, disapproving, or hostile comments do not ordinarily provide a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994). Despite Thompson's argument to the contrary, the show cause orders in the District Court record do not prove that the District Court engaged in improper ex parte communications. Also, Thompson's claim based on a failure to reasonably accommodate fails when it is viewed against the District Court's attempts to accommodate Thompson and its pledge to continue to accommodate Thompson's medical needs as they arise. Lastly, even if the District Court referred Thompson to the United States Marshal Service, such a referral, in this case, would not put the District Court's impartiality into question. Thompson explains that the purported referral resulted from him sending a letter to another judge to explain what

6

punishment God would exact.  Even by Thompson's description, his letter was threatening.

In sum, because a reasonable person would not question the impartiality of Judge Pisano and Magistrate Judge Arleo, recusal was not warranted.  Therefore, the District Court did not abuse its discretion in denying Thompson's recusal motions.  Accordingly, to the extent that Thompson brings a petition for a writ of mandamus, we will deny it.  Otherwise, for the reasons stated, we will dismiss Thompson's appeal for lack of appellate jurisdiction.