

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# Thompson v. Evas Village

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1804

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Thompson v. Evas Village" (2007). *2007 Decisions.* Paper 928.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/928

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1804
_____

STEVEN C. THOMPSON,

Appellant

v.

EVA'S VILLAGE AND SHELTERING PROGRAM;
DERRICK WILLIAMS, INDIVIDUALLY;
GREGORY ANDERSON, INDIVIDUALLY;
GLORY PEREZ, INDIVIDUALLY;
ANTHONY MCCANTS, INDIVIDUALLY;
BRYANT JENKINS, INDIVIDUALLY;
GREATER PATERSON AREA, INC.;
WORLD SERVICE ORGANIZATION, INC.;
NARCOTICS ANONYMOUS WORLD SERVICES, INC.
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-02548)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2007

Before:  RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT JUDGES</u>.

(Filed: June 18, 2007)

PER CURIAM

Steven Thompson appeals the District Court's order granting appellees' motions for summary judgment. The procedural history of this case and the details of appellant's claims are well-known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, Thompson alleged in his complaint that he was barred from a Narcotics Anonymous meeting based on his religious beliefs. He alleged that appellees' actions violated his constitutional rights as well as federal and state statutes. The District Court granted appellees' motions for summary judgment, and Thompson filed a timely notice of appeal.

We have jurisdiction under 12 U.S.C. § 1291. We exercise plenary review over the District Court's order granting appellees' motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

Thompson argues on appeal that the District Court failed to reasonably

accommodate his disability. However, he does not specify any accommodation he required which was denied. In the District Court he asked the District Court to stop "rushing the proceedings, raising unrelated, irrelevant or confusing issues to distract me" as well as "denying oral argument or telephone conference." The docket reflects that the District Court granted Thompson several extensions of time. Thompson has not explained why he was entitled to oral argument; his voluminous filings demonstrate that he was able to communicate with the Court through his written pleadings.

Thompson argues that the appellees are not entitled to immunity under the New Jersey Charitable Immunity Act. However, in its November 14, 2005, letter order, the District Court noted that Charitable Immunity Act only applies to claims of negligence and that Thompson had not raised any negligence claims. The District Court concluded that the Charitable Immunity Act was inapplicable.

Thompson contends that the appellees were acting as agents of the state when they violated his First and Fourteenth Amendment rights. We agree with the District Court that the appellees are not state actors. See, e.g., Leshko v. Servis, 423 F.3d 337, 341 (3d Cir. 2005) (regulation and receipt of government funds, without more, does not constitute state action). Thus, Thompson's claims arising under the First and Fourteenth Amendments, § 1983, and § 1985 fail. We further agree with the District Court that appellees were entitled to summary judgment on Thompson's claims arising under 42 U.S.C. § 2000e.

Thompson argues that appellees violated his rights under the New Jersey Law Against Discrimination. However, the District Court declined to exercise supplemental jurisdiction over Thompson's New Jersey state law claims. The District Court did not abuse its discretion in declining to exercise supplemental jurisdiction or in denying Thompson's motion to amend his complaint.

Finally, we address Thompson's arguments that District Court Judge Pisano and Magistrate Judge Arleo should have recused themselves. A litigant's displeasure with the District Court's legal rulings is not an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Thompson argues that his filing a lawsuit against Judges Pisano and Arleo is a ground for recusal.

This Court has already addressed this issue in a prior appeal in this case. In Thompson v. Eva's Village, C.A. No. 05-4618, we thoroughly addressed Thompson's allegations and informed him that his lawsuit against the Judges did not provide a basis for recusal. Thompson's unfounded accusations against the District Court Judges and their staff are inappropriate. "Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be tolerated, not even from a pro se litigant." In re Mann, 229 F.3d 657, 659 (7th Cir. 2000).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. Thompson's motion for attorneys fees and costs is

denied.  Thompson is neither an attorney nor the prevailing party.  <u>See</u> 42 U.S.C. §

1988(b).  Thompson's motions to strike appellee Greater Paterson Area's brief and for

sanctions are denied.