

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2009

# Steven Thompson v. Eva's Village and Sh

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Steven Thompson v. Eva's Village and Sh" (2009). *2009 Decisions.* Paper 1540.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1540

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4517
_____

STEVEN C. THOMPSON,
                                        Appellant
vs.

EVA'S VILLAGE AND SHELTERING PROGRAM; DERRICK WILLIAMS,
Individually; GREGORY ANDERSON, Individually; GLORY PEREZ, Individually;
ANTHONY MCCANTS, Individually; BRYANT JENKINS, Individually; GREATER
PATERSON AREA, INC., et al.; WORLD SERVICE ORGANIZATION, INC., et al.;
NARCOTICS ANONYMOUS WORLD SERVICES, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-2548)
District Judge:  Honorable Joel A. Pisano

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH Circuit Judges
(Opinion filed : April 15, 2009)
_____

OPINION
_____

PER CURIAM.

        Steven C. Thompson appeals pro se from an order of the United States

1

District Court for the District of New Jersey denying his motion for relief under Fed. R. Civ. P. 60(b). Because this appeal presents no substantial question, we will summarily affirm.

On June 6, 2004, Thompson filed a complaint alleging numerous state and federal claims against defendants based on their alleged acts of barring him from Narcotics Anonymous meetings due to his religious beliefs. The District Court granted summary judgment to the defendants on February 24, 2006, and Thompson appealed.[1] On August 26, 2008, Thompson filed a motion to reopen the case under Rule 60(b), Fed. R. Civ. P., and the District Court denied his motion as untimely and for failure to comply with the substantive requirements of Rule 60(b). Thompson appealed from the order denying his motion to reopen, and only that order of the District Court is before us.

We have jurisdiction under 28 U.S.C. § 1291. Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a final judgment or order for, among other reasons: mistake, newly discovered evidence or fraud by an opposing party. Rule 60(c) requires that such a motion based on any of these three reasons be made within a reasonable time, and in any event, no more than one year after the entry of the judgment or order in question. Thompson argues that this case should be reopened because the District Court's order granting summary judgment to defendants was procured by fraud.

---

[1] Thompson's appeal from the District Court's order granting summary judgment was docketed at C.A. No. 06-1804. This Court affirmed the District Court's order and denied Thompson's petition for en banc rehearing.

2

However, as the District Court noted, Thompson filed his motion to reopen more than two years after that order was entered. Accordingly, Thompson's motion is untimely.[2]

We will summarily affirm. Thompson's motion to show cause, seeking a stay of all proceedings, is denied.

---

[2] An appeal does not toll the time period within which Thompson was required to file his motion. Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987). We also reject Thompson's argument that there is no time limit on our "equitable" power to review a judgment procured by fraud.