**ALD-170**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2146

STEVEN C. THOMPSON,
                                        Appellant

v.

EVA'S VILLAGE AND SHELTERING PROGRAM, et als;
DERRICK WILLIAMS, Individually;  GREGORY ANDERSON, Individually;
GLORY PEREZ, Individually;  ANTHONY MCCANTS, Individually;
RONALD BRYANT JENKINS, Individually;  GREATER PATTERSON AREA, INC.,
et als, A/K/A Silk Cty;  WILLIAM "Bobby & Quo" SINGLETARY;
N. A. WORLD SERVICE INC., et als; WOLF BLOCK BRACH EICHLER, et als;
ANTHONY M. JULIANO, Individually;  OUSMANE D. AL-MISRI, et als;
COZEN O'CONNOR, et als.; EVAN B. CAPLAN; HONORABLE THOMAS
LACONTE, J.S.C., et als; HONORABLE ANTHONY GRAZIANO, J.S.C., et als

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 09-cv-01510)
District Judge:  Honorable Susan D. Wigenton

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2010

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

Opinion filed April 23, 2010

OPINION

PER CURIAM.

Steven C. Thompson, a non-prisoner with a history of filing meritless pro se litigation, commenced this action by filing an application to proceed in forma pauperis (IFP) along with a prolix, 130-page complaint, as well as a supporting affidavit, asserting five counts against the named defendants and seeking damages and other relief.[1]  On April 1, 2009, the District Court denied Thompson's IFP application based upon an October 20, 2008, order entered in D.N.J. Civ. No. 04-cv-02548.[2]  Thompson timely filed a motion for reconsideration of the order denying IFP status.  He also timely filed this appeal from that order.  This Court stayed consideration of the appeal pending the District Court's ruling on the motion for reconsideration.

On October 28, 2009, the District Court granted reconsideration, granted the application to proceed IFP, and dismissed Thompson's complaint sua sponte on the merits under 28 U.S.C. § 1915(e)(2)(B).  The District Court observed that Thompson improperly sought to re-litigate claims that had been rejected on the merits in No. 04-cv-02548, principally a claim that he was unlawfully prevented from closing Narcotics Anonymous

---

[1] The District Court accurately described the complaint as raising the following five claims:  (1) a 42 U.S.C. § 1983 claim for alleged Fourteenth Amendment violations; (2) a civil rights conspiracy claim under 42 U.S.C. § 1985; (3) intentional fraud upon the court; (4) a RICO violation; and (5) state law negligence.

[2] In No. 04-cv-02548, the District Court granted summary judgment to many of the same defendants named in the present action, and further held that "in light of Mr. Thompson's frequent, inappropriate filings in this matter and because the docket is closed, the Clerk is directed to return to Mr. Thompson any further filings he attempts to submit in connection with this docket."  Docket # 146, 10/20/08 Order at 4.

meetings with the "Lord's Prayer" and prevented from attending such meetings. In addition, the District Court rejected Thompson's attempt to seek review of the final judgment in No. 04-cv-02548, as well as decisions issued by various state courts, and it further held that Thompson did not state a viable claim for relief against any of the named defendants for fraud, conspiracy, or a denial of constitutional rights. The District Court dismissed the pendent state law negligence claim without prejudice. Thompson timely filed an amended notice of appeal from the order dismissing the complaint.

Thompson has been granted leave to proceed IFP on appeal. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary of the order dismissing the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because Thompson's appeal lacks any arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

The District Court's Opinion dismissing the complaint on the merits is thoughtful and comprehensive, and we see no need to discuss Thompson's claims in any detail here. Suffice it to say that all counts in the complaint were properly dismissed for the reasons fully explained by the District Court.[3] Among other things, the District Court properly

_____

[3] See also Thompson v. Eva's Vill. & Sheltering Prog., No. 06-1804, 243 Fed. Appx. 697, 698 (3d Cir. 2007) (affirming entry of summary judgment in D.N.J. Civ. No. 04-cv-02548); Thompson v. Eva's Vill. & Sheltering Prog., No. 08-4517, 321 Fed. Appx. 108, 109 (3d Cir. 2009) (affirming denial of Rule 60(b) motion in D.N.J. Civ. No. 04-cv-02548); Thompson v. Eva's Vill. & Sheltering Prog., No. 05-4618, 162 Fed. Appx. 154, 158 (3d Cir. 2006) (denying petition for writ of mandamus to recuse Judge and Magistrate Judge in D.N.J. Civ. No. 04-cv-02548).

rejected Thompson's attempt to re-litigate or seek further review of claims that were fully adjudicated in No. 04-cv-02548, properly applied the doctrine of judicial immunity to bar claims for damages against the judges who rejected Thompson's past claims, and properly rejected as insufficient Thompson's allegations of collusion, conspiracy, and fraud on the part of the attorneys and others who participated in the prior proceedings.

Only one aspect of the District Court's ruling merits further discussion. The District Court's order dismissing the complaint states in part: "[I]n light of his frequent and inappropriate filings and because this case is closed, Mr. Thompson may not file, and the Clerk of Court shall not accept, any action, motion, or pleading dealing with the issues resolved in this case without leave of the District Court." Docket No. 14, 10/20/09 Order at 2. This injunction against further litigation essentially reimposed the ban on additional filings that the District Court had imposed in No. 04-cv-02548. See note 2, supra. As noted, this Court affirmed the judgment in No. 04-cv-02548, including the order setting forth the injunction against further filings. See note 3, supra.

We have held that a filing injunction against a vexatious litigant "should not be imposed by a court without prior notice and some occasion to respond." Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). Here, because the District Court merely reimposed the injunction that was entered in No. 04-cv-02548, we are satisfied that Thompson had adequate notice. Further, any challenge to the injunction's scope is without merit, as the injunction is narrowly tailored to prohibit future action concerning

4

the issues resolved in the present case.  See <u>Chipps v. U.S. Dist. Ct. for the M.D. of Pa.,</u>

882 F.2d 72, 73 (3d Cir. 1989).

For these reasons, we will dismiss the appeal pursuant to § 1915(e)(2)(B).

Thompson's pending motion for permission to file a Rule 60(b) motion is denied.