**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VINCENT WAYNE McGEE,

      Petitioner-Appellant,

    v.

JAMES RUDEK, Warden,

      Respondent-Appellee.

No. 11-6241

(W.D. of Okla.)

(D.C. No. 5:10-CV-00948-M)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Petitioner Vincent Wayne McGee, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealabilty (COA) to appeal the district court's dismissal of his habeas petition pursuant to 28 U.S.C. § 2254. The district court dismissed McGee's petition as untimely. Exercising jurisdiction under 28 U.S.C. § 1291, we deny McGee's request for a COA and dismiss his appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

An Oklahoma jury convicted McGee of two counts of trafficking in illegal drugs, Okla. Stat. Ann. tit. 63, § 2-415, five counts of distribution of a controlled dangerous substance, § 2-401, one count of unlawful use of a surveillance camera, Okla. Stat. Ann. tit. 21, § 1993, and one count of use of a police radio, § 1214. He received two life sentences, several shorter terms, and a substantial fine. He timely appealed to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed the conviction.

He then filed an application for post-conviction relief that was denied both by the state trial court and the OCCA. The district court dismissed his petition as untimely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations to bring habeas petitions under 28 U.S.C. § 2254. The limitations period began running on January 18, 2009 when the deadline for filing a writ of certiorari in the United States Supreme Court expired and McGee's conviction became final. The limitation period was tolled by statute for 211 days between the date McGee petitioned for post-conviction relief in state court on March 12, 2009 and the date OCCA affirmed the denial of this relief on October 9, 2009. 28 U.S.C. § 2254(d)(2). The limitations period thus expired on August 17, 2010.

McGee's petition is dated August 31, 2010, and is therefore time barred.

McGee does not contest the accuracy of these dates but seeks equitable tolling of the limitations period. In particular, he asked that we do not count the time when the prison was in lock down due to riots and he had difficultly accessing his case materials. "AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation omitted). A prison lock down, however, is not typically an exceptional circumstance, and McGee does not explain why he could not diligently prepare his petition during the many months when the prison was not in lock down.

McGee also argues the limitations period should be tolled because he is making a claim of "actual innocence." To make a showing of actual innocence the prisoner must produce new evidence and persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). McGee claims that the police had eyewitness testimony that was not disclosed to him prior to trial. But none of the evidence that McGee points to is new. In fact, it was all discovered before the trial and could have been used to attack the government's case against him. And, as the magistrate judge concluded, even if this evidence were new, it is not sufficiently persuasive that no reasonable juror would have convicted him if the juror had known about it. *Schlup*, 513 U.S. at 327.

He also argues that the district court wrongly adopted the conclusions of the magistrate judge without taking into account his objections because the court misinterpreted the date when he filed those objections—this is irrelevant. The district court in fact conducted a de novo review of the magistrate judge's recommendations and concluded that they were correct.

For all of these reasons, we deny the request for a COA, and dismiss the petition.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge