FILED
United States Court of Appeals
Tenth Circuit

July 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VINCENT WAYNE MCGEE,

      Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

      Respondent-Appellee.

No. 14-6056

(D.C. No. 5:10-CV-00948-M)

(W.D. Oklahoma)

**ORDER**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Vincent McGee was convicted in state court of drug trafficking, distribution of a controlled substance, unlawful use of a surveillance camera, unlawful use of a police radio, and firearm possession after a conviction or during probation. Mr. McGee filed a petition for habeas relief, which the district court dismissed as untimely. Our court agreed that the action was untimely, declining to issue a certificate of appealability and dismissing the appeal. Mr. McGee then filed two motions for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6) and 60(d)(1)-(3), which the district court denied in separate orders. In both orders, the court reasoned that Mr. McGee had not made any new

arguments justifying relief under Rule 60. Seeking to appeal these orders, Mr. McGee requests a certificate of appealability. We deny this request and dismiss the appeal.

## I. Standard for a Certificate of Appealability

Mr. McGee is entitled to a certificate of appealability only if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). Mr. McGee can satisfy "'this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further.'" *Dulworth v. Jones*, 496 F.3d 1133, 1136-37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

We apply this standard in light of Mr. McGee's invocation of Rule 60. Under this rule, we will issue a certificate of appealability only if reasonable jurists could regard the district court's procedural rulings as debatable. *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006).

To determine whether the district court's rulings were reasonably debatable, we must examine the applicable standards in the district court and on appeal. Relief under Rule 60(b)(6) is considered "extraordinary" and should be granted only "in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill*

2

*Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Under Rule 60(d), Mr. McGee had to show "a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 46-47 (1998) (discussing the standard for "independent actions" for relief from a judgment, then governed by Fed. R. Civ. P. 60(b) and now governed by Rule 60(d)).

If our court were to entertain an appeal of the district court's Rule 60 rulings, we would need to determine whether the district court abused its discretion. *See Davis v. Kansas Dep't of Corrs.*, 507 F.3d 1246, 1248 (10th Cir. 2007).

Thus, our task is to determine whether reasonable jurists could find an abuse of discretion in the denial of Mr. McGee's Rule 60 motions.

## II. Mr. McGee's First Rule 60 Motion:  Equitable Tolling

In his first Rule 60 motion, Mr. McGee argued that the district court:  (1) had failed to address his equitable tolling arguments, and (2) had prematurely cut off discovery. For these arguments, Mr. McGee relied on Rule 60(b)(6), (d)(1), (d)(2), and (d)(3). The district court denied the motion, reasoning that Mr. McGee had not advanced any new arguments to justify relief from the judgment. We conclude that this ruling is not reasonably debatable.

### A. Equitable Tolling

3

Mr. McGee argues that the district court should have applied equitable tolling based on: (1) difficulty obtaining legal materials because of two race riots and an ice storm, and (2) actual innocence. But we have already denied a certificate of appealability on these issues, and Mr. McGee does not advance any new arguments or present any previously unavailable evidence in support of his Rule 60 motion. *See McGee v. Rudek*, Case No. 11-6241 (10th Cir. Feb. 27, 2012).

Instead, Mr. McGee rehashes the same arguments and points to affidavits that he presented to the district court. But Mr. McGee relied on these affidavits in his earlier appeal to our court. Pet'r's App. for a Cert. of Appealability at 4-5, *McGee v. Rudek*, Case No. 11-6241 (10th Cir. Nov. 9, 2012). Because our court has already considered the affidavits, the district court had the discretion to avoid rehashing the issue. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding that the district court did not abuse its discretion in denying a Rule 60(b)(6) motion that basically revisited issues already addressed and rejected).

## B. Opportunity for Discovery

In addition, Mr. McGee argues that he should have had an opportunity to conduct discovery. But again, Mr. McGee made the same argument in his prior appeal. Pet'r's App. for a Cert. of Appealability at 4(h), *McGee v. Rudek*, Case

4

No. 11-6241 (10th Cir. Nov. 9, 2012). Our court has already considered the argument and rejected it.

Mr. McGee has not shown that the district court abused its discretion in declining to find exceptional circumstances or a grave miscarriage of justice. Our court has already declined to grant a certificate of appealability based on the alleged discovery limitation. As a result, reasonable jurists could not regard the district court's decision as reasonably debatable.

### III.    Mr. McGee's Second Rule 60 Motion:  Prosecutorial Misconduct

The district court dismissed the habeas petition on the ground of timeliness. Mr. McGee does not directly challenge the dismissal. Instead, he alleges in his second Rule 60 motion that the Respondent misled the habeas court, which led to the erroneous dismissal. This argument does not justify a certificate of appealability.

Mr. McGee acknowledges that his habeas petition was time-barred in the absence of equitable tolling, which would require a sufficiently supported claim of actual innocence. *See Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010). In dismissing the habeas petition, the district court concluded that Mr. McGee had not established actual innocence. He attributes this ruling to deception by the Respondent.

Mr. McGee presented this argument in his second Rule 60 motion, stating there that the prosecutor had withheld two categories of evidence that would have undercut the finding of guilt:

- evidence that Derrick McGee committed perjury when he testified that he had not received favors or promises by the State; and

- evidence that Justin Scott and Joshua Creekmore lied in the preliminary hearing.

This evidence might have undermined the jury's finding, but it did not establish actual innocence. *McGee v. Rudek*, Case No. 11-6241 (10th Cir. Feb. 27, 2012). Because Mr. McGee did not make a sufficient showing of actual innocence, he was not entitled to equitable tolling. Because equitable tolling did not apply, the underlying habeas action would have remained untimely even if the Respondent had committed misconduct in the earlier proceedings.[1]

Mr. McGee argues that he might have been able to show actual innocence, but could not do so because the district court ruled that he could not conduct discovery. And, Mr. McGee attributes that ruling to the Respondent's misrepresentations in the earlier habeas proceedings. These contentions are not

---

[1]  Mr. McGee argues that the Respondent made "a knowing misrepresentation of material facts" in the habeas proceedings, triggering Rule 60(b)(3). Mot. Seeking Relief from Order/Judgment at 6 (Aug. 5, 2013). Mr. McGee did not invoke Rule 60(b)(3) in the district court. *See* Mot. for Reconsideration (Aug. 29, 2013). But even if Mr. McGee had invoked Rule 60(b)(3) in the district court, the motion would have been barred by the one-year period of limitations. *See* Fed. R. Civ. P. 60(c)(1). Thus, even if the Respondent's actions had led the district court astray in the earlier habeas proceedings, these actions would not entitle Mr. McGee to a certificate of appealability based on Rule 60(b)(3).

new; they were previously raised in Mr. McGee's unsuccessful appeal of the denial of habeas relief. There, Mr. McGee stated:

> [T]he district court's ruling adopting the Magistrate's R&R, granting Respondent's motion to dismiss [Doc. No. 16] and dismissing Pet'r for habeas corpus as untimely without conducting "Discovery" and on "Evidentiary Hearing" was procedurally wrong and in direct contradiction with the applicable standards and long-standing legal authority. Essentially, the Resp't, the Magistrate, and the District Judge, all, made a guilt determination without a sufficient development of the facts. Which cannot be done in this case without the discovery and evidentiary hearing requested by Pet'r in [Doc. Nos. 27 and 28].

Pet'r's App. for Cert. of Appealability at 4(b), *McGee v. Rudek*, Case No. 11-6241 (10th Cir. Nov. 9, 2011). Our court rejected the argument, and Mr. McGee cannot rehash it under the guise of a Rule 60 motion.

## IV. Disposition

We deny the request for a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7