**Walter Edward KOSTICH, Jr.,
Petitioner–Appellant,**

v.

**Tracy McCOLLUM, Warden,
Respondent–Appellee.**

No. 15–5006.

United States Court of Appeals,
Tenth Circuit.

Aug. 3, 2015.

Walter Edward Kostich, Jr., Granite, OK, pro se.

Donald D. Self, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellee.

Before HARTZ, PHILLIPS, and McHUGH, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY ***

GREGORY A. PHILLIPS, Circuit Judge.

Pro se state prisoner Walter Edward Kostich requests a certificate of appealability (COA) after the federal district court denied his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). Because Kostich has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss this matter.

In January 2005, Kostich set fire to the Oklahoma residence of Corbin and Katherine Gilstrap while the couple was at home with their child and Katherine's mother. Although the occupants were able to escape without any serious physical injuries, the fire severely damaged the home. A surveillance video camera captured images of Kostich placing an incendiary device on the front step of the residence and lighting the fuse.

Kostich was charged in Oklahoma state court with first-degree arson. Several days later, he was also charged for offenses in the United States District Court for the Northern District of Oklahoma. The state dismissed its case and the federal case went forward. Eventually, Kostich pleaded guilty to unlawfully manufacturing an unregistered destructive device, and a jury later found him guilty of unlawfully possessing a destructive device. In September 2005, he was sentenced to concurrent terms of sixty-three months' imprisonment on the two counts.

After Kostich's federal trial and sentence, the state refiled its first-degree arson charge. In April 2009, Kostich en-

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value constituent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

tered a blind plea of guilty and received a twenty year sentence to run concurrently with the remainder of his federal sentence.

Shortly after the state sentence was handed down, Kostich, through new counsel, filed a motion to withdraw his guilty plea. The trial court held a hearing and denied the motion. A different attorney then filed an appeal (petition for writ of certiorari) in the Oklahoma Court of Criminal Appeals (OCCA), in which Kostich raised a single claim of error: "The plea of Mr. Kostich was not intelligently, knowingly, and voluntarily entered, [and] as such[,] the District Court abused its discretion in disallowing him to withdraw the plea." Supp. R. Vol. 1 at 46 (capitalization altered). The OCCA ruled on the merits of the claim and denied the petition.

Next, Kostich filed a motion for post-conviction relief in the state trial court, raising four issues: (1) ineffective assistance of appellate counsel for failing to raise double jeopardy; (2) double jeopardy; (3) ineffective assistance of counsel for failing to raise double jeopardy at the preliminary hearing; and (4) ineffective assistance of trial counsel for failing to raise double jeopardy. The trial court denied the motion and Kostich filed a second appeal with the OCCA. In January 2012, the OCCA affirmed the trial court's denial of post-conviction relief. The OCCA's decision addressed the merits of Kostich's claim that his appellate counsel was ineffective in failing to argue double jeopardy in the first appeal, and found that Kostich had waived the remaining claims.

In February 2012, Kostich filed an application for relief under § 2254 in federal district court, raising six issues: (1) his guilty plea was not knowing and voluntary; (2) ineffective assistance of appellate counsel for failing to raise double jeopardy in the first appeal; (3) double jeopardy; (4) ineffective assistance of counsel at the preliminary hearing for failing to raise double jeopardy in the trial court; (5) ineffective assistance of trial counsel for failing to raise double jeopardy in the trial court; and (6) alleged flaws in Oklahoma's Post Conviction Procedure Act, which Kostich described as a legislative scheme that "is badly broken and failes (sic) the test of legislative intent," R. Vol. 1 at 18, because "[t]he Courts of Oklahoma failed to live up to the legislative intent and grant [him] the relief he was entitled to by law," *id.* at 19.[1] The court denied the petition and a COA. It also denied Kostich's motion to alter or amend the judgment.

The district court concluded Kostich's claims failed for three reasons: (1) the OCCA's determination that the guilty plea was knowing and voluntary was not an unreasonable application of Supreme Court law, and it did not involve an unreasonable application of the facts in light of the evidence presented in state court; (2) the OCCA's determination that trial counsel did not provide ineffective assistance of counsel in connection with the guilty plea was not an unreasonable application of Supreme Court law, and it did not involve an unreasonable application of the facts in light of the evidence presented in state court; and (3) the remaining claims were procedurally barred.

To obtain a COA, Kostich must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a state court has decided the petitioner's claims on the merits, "[w]e look to the District Court's application of AEDPA to petitioner's constitution-

---

1. Kostich has abandoned his claim concerning the Oklahoma Post Conviction Procedure Act.

al claims and ask whether that resolution was debatable among jurists of reason." *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

When the district court dismisses a petition on procedural grounds, we will issue a COA only if the petitioner shows both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir.2008).

At the outset, we acknowledge our obligation to liberally construe Kostich's pro se pleadings. But this rule of construction does not eliminate his obligation to make a substantial showing of the denial of a constitutional right, and to meet the above standards. Kostich's application mostly recounts facts resolved against him, and sets forth general statements of law that are insufficient to merit issuance of a COA. Nonetheless, we have examined the district court's comprehensive order, and we find no error.

The district court first addressed and resolved Kostich's claims that his guilty plea was unknowing and involuntary, including whether trial counsel "coerced" the plea. Because the OCCA adjudicated the merits of these claims in Kostich's first appeal, the court could grant habeas relief only if he established that the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly estab-

lished Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

In the first appeal, the OCCA held that "[t]he decision to grant or deny a motion to withdraw a guilty plea is within the discretion of the trial court, and will not be disturbed absent an abuse of that discretion." Supp. R. Vol. 1 at 55–56. It found that "[t]he record shows that several times during the plea hearing, the court made sure [Kostich] did not feel coerced into entering his plea. The record also supports the district court's finding that [he] was competent to understand the nature of the plea proceedings." *Id.* at 56. Thus, the OCCA concluded "[t]he record as a whole supports the court's conclusion that [Kostich's] blind plea was knowingly and voluntarily entered." *Id.*

█ The district court found that the OCCA's ruling was not contrary to, or an unreasonable application of federal law as determined by the Supreme Court, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Moreover, Kostich failed to produce any evidence, let alone clear and convincing evidence, to rebut the presumption of correctness that attached to the state court's factual findings. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). No reasonable jurist would find the court's assessment of this claim debatable or wrong.

█ The district court recognized that Kostich's pleadings in the first appeal "did not use the term 'ineffective assistance of

counsel,'" R. Vol. 1 at 779, nor did he cite *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in his argument that the plea was "coerced." As a result, the OCCA did not specifically mention *Strickland* in its assessment of Kostich's claim. Nonetheless, the OCCA found that "[t]he record shows that several times during the plea hearing, the court made sure [Kostich] did not feel coerced into entering his plea." Supp. R. Vol. 1 at 56. As the court noted, this "resolution is entitled to deference under 28 U.S.C. § 2254(d)." Supp. R. Vol. 1 at 779. Moreover, the court "owe[d] deference to the state court's *result*, even if its reasoning [was] not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir.1999). The court then analyzed the facts under the *Strickland* rubric and found no error. Again, no reasonable jurist would find the court's assessment of this claim debatable or wrong.

In this court, Kostich has condensed into a single argument his claims of ineffective assistance of counsel for failing to raise double-jeopardy arguments during the preliminary hearing, trial, and appeal. In analyzing Kostich's claims, we must assess his claim of ineffective assistance of appellate counsel separately because the OCCA addressed the merits of this claim in the second appeal, but dismissed his ineffective assistance claims against counsel at preliminary hearing and trial as procedurally barred.

In his motion for post-conviction relief, Kostich argued that he received ineffective assistance of counsel in his first appeal because the lawyer failed to develop and present a double-jeopardy argument. The OCCA ruled against Kostich on the merits of this claim when it affirmed the trial court's denial of his motion:

> [Kostich] ... claims his attorney[] ... on appeal [was] ineffective for failing to

raise or adequately assert [double jeopardy]. However, as the District Court found, the doctrine of dual sovereignty holds that a federal prosecution does not bar a subsequent state prosecution of a defendant who violates laws of each jurisdiction by the same acts. Thus, [Kostich] has [not] established that his counsel was ineffective.

Supp. R. Vol. 1 at 58 (citation omitted).

The district court concluded that the OCCA's adjudication of this claim was not contrary to, or an unreasonable application of *Strickland*. In particular, the court found that because the double-jeopardy claim lacked merit under the "dual sovereignty doctrine" (citing numerous cases from the Supreme Court and this Circuit), appellate counsel was not ineffective in failing to raise the argument. *See Smith v. Workman*, 550 F.3d 1258, 1268 (10th Cir.2008) ("While counsel should not omit plainly meritorious claims, counsel need not raise meritless issues") (internal quotation marks omitted). No reasonable jurist would find the court's assessment of this claim debatable or wrong.

Finally, the district court applied procedural bar to dismiss Kostich's claims of ineffective assistance of counsel for failing to raise a double-jeopardy argument at the preliminary hearing and trial. It noted the OCCA's opinion in Kostich's second appeal, which found the claims had been waived:

> [These] issues ... either were or could have been raised prior to [Kostich's] plea of guilty, in his motion to withdraw plea, or in his [first] appeal to this Court. All issues that were previously raised and ruled upon are barred as *res judicata*, and all issues that could have been raised in previous proceedings but were not are waived, and may not be the basis of a post-conviction application. [Kostich] has not established any suffi-

cient reason to allow his current issues to be the basis of this application for post-conviction relief.

Supp. R. Vol. 1 ,at 57–58 (citations omitted).

■ The district court concluded that the OCCA relied on an independent state-law ground to enforce procedural bar against the double-jeopardy claim, precluding federal review. *See Maes v. Thomas*, 46 F.3d 979, 985, 986 (10th Cir.1995) ("A state court finding of procedural default is independent if it is separate and distinct from federal law," and "[a] state court finding of procedural default is adequate if it is strictly or regularly followed" (internal quotation marks omitted)). Jurists of reason would not find it debatable whether the court was correct in its procedural ruling. Nor can Kostich meet his burden to demonstrate cause and prejudice or a fundamental miscarriage because there was no double-jeopardy violation, as explained above.

In situations where Oklahoma's procedural bar may operate to preclude ineffective assistance of counsel claims, the analysis is slightly different. In these circumstances, Oklahoma's procedural bar "appl[ies] in those limited cases meeting ... two conditions: counsel differ [different counsel]; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir.1998).

■ As to the first condition, the district court found that Kostich had the opportunity to confer with separate counsel on appeal, who decided not to raise double jeopardy. Regarding the second condition, the court found that the claims could be resolved on the trial record alone, which

"contains several references to [Kostich's] federal criminal case and evaluation of potential double jeopardy concerns." R. Vol. 1 at 793. As explained previously, Kostich failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Jurists of reason would not find it debatable whether the court was correct in its procedural ruling.

■ Kostich also appeals the district court's denial of his motion for an evidentiary hearing. "[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." *Alverson v. Workman*, 595 F.3d 1142, 1163 (10th Cir.2010) (internal quotation marks omitted). "A district court's decision to grant or deny an evidentiary hearing in a habeas proceeding is reviewed for an abuse of discretion." *Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir.2010) (internal quotation marks omitted). Because all of Kostich's claims could be resolved solely on the basis of the existing record, there was no abuse of discretion.

■ As a final matter, Kostich argues that the district court erred in denying his timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). The court denied the motion because he failed to demonstrate an intervening change in the controlling law, any new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (detailing grounds warranting reconsideration under Rule 59(e)). "We review the denial of a Rule 59 motion for abuse of discretion. A trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Headwaters Res., Inc. v.*

624

*Ill. Union Ins. Co.,* 770 F.3d 885, 899 (10th Cir.2014) (citation, brackets and internal quotation marks omitted). Kostich did nothing more than rehash the issues previously raised and resolved against him and thus the court did not abuse its discretion in denying the motion.

The request for a COA is denied and the appeal is dismissed.