**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

WALTER EDWARD KOSTICH, JR.,

 Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

 Respondent - Appellee.

No. 16-5007
(D.C. No. 4:12-CV-00065-CVE-PJC)
(N.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, **EBEL**, and **BACHARACH**, Circuit Judges.

Walter Edward Kostich, Jr., an Oklahoma prisoner proceeding pro se, requests a certificate of appealability (COA) to appeal from the district court's denial in part and dismissal in part of his post-judgment motions seeking relief from the denial of his 28 U.S.C. § 2254 habeas application. We deny a COA and dismiss this matter.

## I.  BACKGROUND

Mr. Kostich was convicted of federal crimes and then convicted in an Oklahoma court of a state crime arising out of the same conduct. His § 2254 application argued that his Oklahoma conviction violated the Double Jeopardy

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Clause and his trial and appellate counsel were ineffective for failing to argue double jeopardy. The district court denied relief, and this court denied a COA, *see Kostich v. McCollum*, 624 F. App'x 618, 624 (10th Cir. 2015), *cert. denied*, 2016 WL 659712 (2016) (No. 15-8164).

Mr. Kostich then filed four motions in the district court: (1) a recusal motion; (2) a Fed. R. Civ. P. 60(b) motion to reopen his habeas case; (3) a motion to change venue, and (4) a motion for an evidentiary hearing. The district court addressed the merits of the recusal motion, but found no grounds justifying recusal and therefore declined to recuse. Therefore the court also denied the motion to change venue.

The district court further determined that the Rule 60(b) motion was a mixed motion. One claim—that the judge was biased in the habeas case—properly was raised under Rule 60(b). The court denied that claim for the reasons given in denying the motion to recuse. Because the other allegations in the Rule 60(b) motion all asserted or reasserted grounds for habeas relief, however, the court held that they were second or successive habeas claims that were subject to the authorization requirements of 28 U.S.C. § 2244(b). Accordingly, the court dismissed those portions of the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). It then denied the motion for an evidentiary hearing.

## II. DISCUSSION

To appeal, Mr. Kostich must obtain a COA. *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006). The standard for a COA depends on whether the district

court has rejected a claim on the merits or dismissed a filing on procedural grounds. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For a merits decision, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* With regard to a procedural dismissal, however, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## A. Recusal Allegations

The recusal motion and the first claim in the Rule 60(b) motion alleged that judicial bias tainted the habeas decision. Because these assertions challenged the integrity of the federal habeas proceedings, the district court appropriately decided them on the merits. *See Spitznas*, 464 F.3d at 1216-17. For a COA, therefore, Mr. Kostich must show the decisions are debatable or wrong. *Slack*, 529 U.S. at 484. We review the denial of recusal for abuse of discretion. *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993).

Mr. Kostich alleges that the district judge is biased against him because the prosecutors involved in his state and federal cases are "assigned" to her. He relies on a docket in an unrelated matter, *In re United States Attorneys and Clerks*, which appears to be an administrative matter for the filing of documents regarding the appointment and termination of attorneys in the executive branch, including Assistant

United States Attorneys and Special Assistant United States Attorneys. Near the top, the docket report states "United States Attorneys and Clerks," and immediately following on the next line, "Assigned to: Judge Claire V Eagan." R. at 91.

Mr. Kostich apparently misunderstands the docket to mean that the "United States Attorneys and Clerks" are "assigned" to the district judge. This is incorrect. The docket merely shows the name of the matter and the judge to which the matter is assigned. It does not mean that the "United States Attorney and Clerks" are somehow "assigned" to the judge. As the district judge explained, attorneys entering appearances before her do not work for her and are not "assigned" to her. Nothing about any of these circumstances (including the fact that Mr. Kostich's state prosecutor was named a Special Assistant United States Attorney) calls into question the district judge's impartiality.

Mr. Kostich also notes that he has filed complaints about the judge with various agencies and officials. Such complaints, however, do not require recusal. *See In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000); *Cooley*, 1 F.3d at 993, 994 n.5.

Further, Mr. Kostich complains that the district judge has granted virtually no habeas petitions in the past five years. Even assuming this allegation is true, it does nothing to show that the judge was biased in his case. Moreover, adverse judicial rulings themselves provide no basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cooley*, 1 F.3d at 993-94.

No reasonable jurist could debate whether the district court abused its discretion in denying the motion to recuse and the Rule 60(b) claim predicated upon alleged judicial bias. We thus deny a COA as to these issues.

### B.    Second or Successive § 2254 Claims

The district court dismissed the other Rule 60(b) claims as unauthorized second or successive § 2254 claims. Accordingly, for a COA on these allegations, Mr. Kostich must satisfy *Slack*'s test for a procedural ruling, including showing it is debatable whether the procedural ruling is correct. *Slack*, 529 U.S. at 484.

But no reasonable jurist could debate that ruling. Besides the bias allegations, Mr. Kostich's Rule 60(b) motion challenged the validity of his Oklahoma conviction and reargued the merits of his § 2254 claims, particularly double jeopardy. Thus, the motion attempts to bring habeas claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005); *Spitznas*, 464 F.3d at 1215-16. Mr. Kostich already has pursued relief under § 2254, so these claims are second or successive claims that require authorization under § 2244(b). "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d at 1251.

Mr. Kostich suggests that his motion should be considered an "independent action" as contemplated by *United States v. Beggerly*, 524 U.S. 38, 44-45 (1998), and therefore it is not subject to § 2244's restrictions. He is mistaken. The "independent action" provision discussed in *Beggerly* was in Rule 60(b), but since has been moved

- 5 -

to Rule 60(d)(1). Motions brought under Rule 60(d), however, are subject to the same analysis as other motions to determine if they bring unauthorized second or successive habeas claims. *See United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (addressing a fraud-on-the-court claim brought under Rule 60(d)(3)); *see also Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277 n.11 (11th Cir. 2004) (en banc) ("Nor may a petitioner circumvent the restrictions on second or successive petitions by the simple expedient of filing an independent action aimed at the judgment denying habeas relief."), *aff'd*, *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

No reasonable jurist could debate the propriety of the district court's dismissal, for lack of jurisdiction, of those portions of the Rule 60(b) motion setting forth habeas claims. We also deny a COA as to these claims.

## III. CONCLUSION

Mr. Kostich's motion to certify a question of state law is denied. His request for counsel, made in his combined opening brief and application for a COA, is denied. A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk