FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD LEE CLEMMONS,

    Petitioner - Appellant,

v.

STEPHEN J. DAVIES,

    Respondent - Appellee.

No. 20-3118
(D.C. No. 3:90-CV-03035-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Applicant Edward Lee Clemmons, a state prisoner proceeding pro se, requests a certificate of appealability (COA) to challenge the denial by the United States District Court for the District of Kansas of two motions under Fed. R. Civ. P. 60 seeking to reopen his application for relief under 28 U.S.C. § 2254. *See Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (requiring a COA to appeal from the denial of a "true Rule 60(b) motion" challenging a district court's disposition of a § 2254 application); *McGee v. Rudek*, 573 F. App'x 729, 730 (10th Cir. 2014) (applying same requirement to motions brought under Rule 60(d)). We deny his request and dismiss the appeal.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1984 Applicant was convicted of several offenses by a Kansas jury and sentenced to life in prison.  In 1990 he sought relief under § 2254, challenging his state-court conviction on several grounds, including unlawful arrest, improper lineup and identification procedures, ineffective assistance of counsel, denial of the right to compel the attendance of witnesses, and violations of his right to equal protection.  The district court denied relief in 1992, and we dismissed his appeal for failure to prosecute.  Since then, Applicant has filed numerous attacks on both his state-court conviction and the § 2254 proceeding.

The present application for a COA concerns motions filed in December 2019 and January 2020 (collectively, the Motions), both of which purport to seek relief under Fed. R. Civ. P. 60(d)(1–2).  The first claims that Applicant was improperly denied notice of his right to file a reply brief in the original § 2254 proceedings.  The second claims that the district court erred by dismissing his original § 2254 application without first granting him an evidentiary hearing, appointing counsel, and allowing discovery.  According to Applicant, the denial of these procedural opportunities prevented him from showing the district court the "extrinsic fraud" of the respondent.

Neither motion challenges Applicant's conviction in substance or effect and both constitute true Rule 60 motions rather than second or successive applications—which, under 28 U.S.C. § 2244(b)(3), could not proceed without prior authorization from this court. *See Spitznas*, 464 F.3d at 1215–16 (a true Rule 60(b) motion challenges a procedural ruling that precluded a merits determination or challenges the integrity of the proceeding); *Kostich v. McCollum*, 647 F. App'x 887, 890 (10th Cir. 2016) ("Motions

2

brought under Rule 60(d) . . . are subject to the same analysis as other motions to determine if they bring unauthorized second or successive habeas claims.").  The district court therefore proceeded to the merits of the motions and denied relief.  Applicant filed a motion for reconsideration, which the district court summarily denied.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong."  *Id.*  If the application was denied on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Applicant fails to present any reasoned challenge to the district court's decision. On the issue of notice regarding his § 2254 reply brief, Applicant does not challenge, or even address, the district court's finding, based on the record, that he was aware—and in fact availed himself—of the opportunity to file a reply in the original § 2254 proceeding. To the extent that he is contending that his late filing of the reply brief prevented the district court from considering it before issuing its decision, there is no evidence to

3

support that position. The reply brief was filed on September 4, 1990, and entered on March 29, 1991. The district court's order dismissing the § 2254 application was not filed and entered until February 25, 1992, and no reason has been presented that would lead us to conclude that the district court failed to consider the reply brief during the intervening year.

The merits of the remaining issues raised by the Motions—the district court's denials of requests for appointment of counsel, an evidentiary hearing, and discovery—are reviewed for abuse of discretion. *See Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("generally appointment of counsel in a § 2254 proceeding is left to the court's discretion"); *Fairchild v. Workman*, 579 F.3d 1134, 1147 (10th Cir. 2009) (review of a district court's denial of motion for evidentiary hearing is for abuse of discretion); *LaFevers v. Gibson*, 182 F.3d 705, 723 (10th Cir. 1999) (review of a district court's refusal to allow discovery in a § 2254 proceeding is for abuse of discretion). Applicant's brief in this court does not adequately challenge the merits of the district court's rulings. Instead, Applicant claims (incorrectly) that the district court failed to address the merits of the Motions. He fails to articulate why the district court's denials of these requests were error, much less abuse**s** of discretion, or specifically how he was prejudiced by the denials.

Finally, we reject Applicant's contention that the district judge was biased. The contention is not supported by any specific factual allegations, much less by any evidence.

Accordingly, no reasonable jurist could debate whether the district court erred in denying Applicant's Motions.

We **DENY** Applicant's request for a COA and **DISMISS** the appeal. We also **DENY** his request to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge